[Crim. No. 357.   Department Two.—May 20, 1898.]

THE PEOPLE, Respondent, v. FONG HONG, Appellant.

|120  685|
|f127 341|

CRIMINAL LAW—ARSON—LICENSE OF OWNER—OCCUPATION BY OTHERS.—Where it appears by pleading and proof that the building burned by a defendant convicted of arson was occupied by third parties, the defendant cannot urge a presumed license from the owner to burn the building, the owner himself having no right to burn it in such case, nor to give anyone a license to do so.

ID.—INTENT TO DEFRAUD INSURANCE COMPANY—MOTIVE OF ARSON IMMATERIAL.—The fact that defendant may have burned the building with intent to defraud an insurance company, and thus have laid himself liable to a prosecution under section 548 of the Penal Code, does not require that he be prosecuted under that section, nor change the character of the crime of arson, of which the defendant may be convicted, where the facts constitute that offense, regardless of the motive for which the arson was committed.

ID.—INSTRUCTION—INTENT TO DESTROY BUILDING.—An instruction that "arson is the willful and malicious burning of the building with intent to destroy it," and that "there must be, to constitute the crime of arson, a willful and malicious burning of the building, and, as contained in the definition of the crime, there must exist an intent to destroy it," is sufficiently full upon the subject of intent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a motion in arrest of judgment and denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Joseph Naphtaly, and William Hoff Cook, for Appellant.

William F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

McFARLAND, J.—The appellant was convicted of arson in the first degree, and appeals from the judgment, from an order denying his motion in arrest of judgment, and from an order denying his motion for a new trial. A reversal is contended for on two grounds:

1. Appellant's counsel contends that as "it is not arson to burn one's own property" (citing *People v. De Winton,* 113 Cal. 403, 54 Am. St. Rep. 357) "therefore it was incumbent upon the prosecution to prove that defendant did not have a license from the owner to burn, if he did so." It is not necessary to determine whether this novel proposition would under any circumstances be entitled to grave consideration; for it certainly has no value in the case at bar. In the De Winton case it was correctly held that an indictment was bad in which it was merely charged in general terms that the defendant burned a building which was his own property—no other facts as to title, or as to possession, occupancy, etc., being stated. But it is provided in section 452 of the Penal Code as follows: "To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that at the time of the burning another person was rightfully in possession of or was actually occupying such building, or any part thereof." Now in the case at bar it was averred and proven that the building which was burned was "the property of the Luning Company, a corporation," etc., and that it was "then and there occupied by Mrs. Angela Fawn, John Shaughnessey, and Urbin Hosson." The owner, therefore, would have had no right to burn the building— and certainly no right to give anybody a "license" to do so.

2. Counsel contends that the court erred in refusing some instructions which he asked on the subject of the intent of appellant in causing the fire. In the bill of exceptions there is a narrative statement that there was testimony tending to establish certain facts, and, among others, that appellant had in the building some property which was insured; and the contention is that the court should have instructed the jury that, if appellant caused the fire for the purpose of defrauding the insurance company, then he was not guilty of arson. The point is thus stated in the brief: "The defendant explicitly requested the court to instruct the jury that, if the intent was to defraud the insurance company, then

the defendant could not be convicted under the information, but the court refused to do so." The proposition contended for seems to be that a man may feloniously burn a building not his own, and yet not be guilty of arson if he does it with intent to defraud an insurance company; and that in such case he must be prosecuted under the provisions of section 548 of the Penal Code. But this is not the law. If certain acts constitute arson in all other respects, the crime committed is arson whether the motive be gain, or revenge, or any other kind of malicious mischief. The main purpose of section 548 is to make criminal certain wrongful and malicious acts which do not constitute arson. Arson can only be committed on a "building"; section 548 does not mention building, and the crimes there created may be committed upon any kind of "property." Arson cannot be committed on a building by one who exclusively owns and occupies it, notwithstanding the fact that it is insured; but burning his own insured building would be a crime under section 548. That section makes it a crime to either burn or "in any other manner" injure "any property" insured against damage by fire, or by "any other casualty." Its purpose is to prevent the "fraudulent destruction of property insured." It does not deal with "arson," and does not undertake to change the character of that crime. Arson is the same crime that it was before section 548 was enacted. Whether a party might commit guilty acts under such peculiar circumstances as would subject him to prosecution for either arson or the crime created by said last-named section of the code is a question not now calling for consideration.

The instructions of the court upon the subject of intent were sufficiently full. The jury were charged, among other things, as follows: "Arson is the willful and malicious burning of a building with intent to destroy it. There must be, to constitute the crime of arson, a willful and malicious burning of the building, and, as contained in the definition of the crime, there must exist intent to destroy it."

No special point is made as to the appeal from the order denying the motion in arrest of judgment.

The judgment and orders appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.