UNITED STATES of America,
Plaintiff–Appellee,

v.

M.W., Defendant–Appellant.

No. 88–2206.

United States Court of Appeals,
Tenth Circuit.

Nov. 22, 1989.

Douglas J. Mickey, Cheyenne, Wyoming, on briefs, for defendant-appellant.

Richard A. Stacy, U.S. Atty., and Lisa E. Leschuck, Asst. U.S. Atty., District of Wyoming, Cheyenne, Wyoming, on briefs, for plaintiff-appellee.

Before LOGAN and BALDOCK,
Circuit Judges, and PHILLIPS, District
Judge.*

LOGAN, Circuit Judge.

This is an appeal by an Indian juvenile of his adjudication as a delinquent based upon his commission of the crime of arson. On this appeal we must consider (1) the mens rea required under the federal arson statute, 18 U.S.C. § 81, and (2) whether the district court's findings on the mens rea requirement are supported by the evidence.[1]

Defendant, a fifteen-year-old enrolled Shoshone Indian, along with three other Indian juveniles, broke into the Mill Creek School in Ethete, Wyoming, within the Wind River Indian Reservation. In the school principal's office, defendant removed school records, piled them on the floor, and set fire to them. The fire got out of control, and although defendant unsuccessfully attempted to extinguish it, the fire eventually caused more than $400,000 of damage to the school building.

Defendant was charged in a two-count juvenile delinquency information with ar-

---

* The Honorable Layn R. Phillips, United States District Judge for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

son, pursuant to 18 U.S.C. §§ 2, 81, 1153, and 5031, and burglary with intent to commit felony vandalism. The district court found defendant guilty on both counts. Defendant appeals solely on the arson count and concedes all elements of the offense except criminal intent.

## I

The primary issue in this appeal is whether defendant possessed the requisite mens rea for the crime of arson within the meaning of the federal arson statute, 18 U.S.C. § 81. That statute, as applicable here, reads as follows: "Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns ... any building ... shall be fined not more than $1,000 or imprisoned not more than five years, or both."

The district court found that defendant "willfully and maliciously set fire to the files in the principal's office, knowing that damage to the school building was the likely result of that conduct," Findings of Fact and Conclusions of Law at 3 [hereinafter Findings], and that "defendant was consciously aware that his conduct would result in setting fire to or burning the school building," *id.* at 8. At defendant's sentencing hearing, however, the court also stated, "I don't think you really intended to burn the whole school down ... I think you intended to burn the records...." 3 R. 12. Defendant contends that 18 U.S.C. § 81 requires nothing less than intent to burn a building, and in light of the district court's statement that defendant had no such intent, the district court erred in finding him guilty of arson.[2]

Defendant does not deny that he acted "willfully and maliciously" in burning the records. Rather, he contends that he did not act "willfully and maliciously" with respect to the burning of the building itself. In view of the dearth of authority interpreting the state-of-mind requirement of 18 U.S.C. § 81, we look to more general sources on the law of criminal intent. *See United States v. United States Gypsum Co.,* 438 U.S. 422, 443–44, 98 S.Ct. 2864, 2876–77, 57 L.Ed.2d 854 (1978) (relying upon Model Penal Code in interpreting requisite mens rea under Sherman Act). A "willful and malicious" burning of a dwelling was also a requirement under the common law definition of arson. *See generally* Model Penal Code § 220.1 comment 1, at 4 (1980). These terms, particularly "willful" or "willfully," are not self-defining in importing the requisite mental state for committing an offense. Model Penal Code § 2.02 explanatory note, at 228, comment 1, at 230 & comment 10, at 249 n. 47 (1985); W. LaFave & A. Scott, *Criminal Law* § 3.4(b), at 213–14 (2d ed. 1986). In response to the inherent ambiguity of such terms, modern criminal law, as reflected in the Model Penal Code, has settled upon four categories of mens rea which can make conduct criminal: if the act is done (1) purposely, (2) knowingly, (3) recklessly, or (4) negligently. Model Penal Code § 2.02(2). One of the most common state-of-mind terms in statutory crimes is "willfully." The Model Penal Code follows many judicial decisions in declaring that knowing conduct is sufficient to establish willfulness. *Id.* § 2.02(8) & comment 10, at 248.[3]

In effect, defendant contends that 18 U.S.C. § 81 requires purposeful conduct as defined by the Model Penal Code.[4] But

---

**2.** The word "intent" is somewhat ambiguous. *See* Model Penal Code § 2.02 comment 2, at 233 (1985); W. LaFave & A. Scott, *Criminal Law* § 3.5(a)-(b) (2d ed. 1986). Although the parties' briefs refer to intent and we sometimes use the word in this opinion, we must analyze the mens rea requirement of 18 U.S.C. § 81 in terms of its specific wording, focusing on the meaning of the words "willfully and maliciously" as applied to the facts before us.

**3.** Crimes defined in terms of lower levels of culpability (such as knowing conduct) also condemn conduct satisfying a higher level of culpability (such as purposeful conduct). *See* Model Penal Code § 2.02(5) & comment 7 (1985).

**4.** "A person acts purposely with respect to a material element of an offense when if the element involves ... a result [of his conduct] ... it is his conscious object to ... cause such a result...." Model Penal Code § 2.02(2)(a)(i).

we hold that in this context, "willfully and maliciously" includes acts done with the knowledge that burning of a building is the practically certain result: "A person acts knowingly with respect to a material element of an offense when ... if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result." Model Penal Code § 2.02(2)(b)(ii). The district court's finding that defendant was "consciously aware that his conduct would result in setting fire to or burning the school building," Findings at 8, established knowing conduct and was, therefore, sufficient to support its conclusion that defendant acted "willfully and maliciously" within the meaning of 18 U.S.C. § 81.[5]

 Our holding is also consistent with the two cases we found with similar facts and governing law. In a civil case involving juveniles who, to aid their treasure hunt, intentionally set a grass fire which spread out of control to burn a house, the Court of Appeals of Arizona considered the minors' conduct under an arsonist exception to the general rule of no liability to injured firefighters. The court found their actions to be at most reckless or grossly negligent and, therefore, insufficient to satisfy an Arizona arson statute prohibiting burning a house "wilfully and maliciously." *Grable v. Varela*, 115 Ariz. 222, 564 P.2d 911, 913 (Ct.App.1977). In a later case, the same court, without specifically finding an intent to burn a building, held that a juvenile who helped set fire to a pile of cardboard boxes, knowing that his codefendant intended to thereby burn down the building, had the requisite "wilful and malicious" intent. *In re Appeal in Pima County Juvenile Action*, 116 Ariz. 519, 570 P.2d 206, 208–09 (Ct.App.1977).

## II

Defendant also challenges the district court's mens rea finding as unsupported by the evidence, largely based upon the

court's acknowledgement that defendant tried to extinguish the fire when it started to get out of control. We hold that a reasonable trier of fact could have found that the evidence, viewed in a light most favorable to the government, established beyond a reasonable doubt that defendant possessed the requisite mens rea. *See United States v. Palmer*, 604 F.2d 64, 68 (10th Cir.1979); *see also United States v. W.T.T.*, 800 F.2d 780, 781–82 (8th Cir.1986); *United States v. De Leon*, 768 F.2d 629, 631 (5th Cir.1985). That the defendant later attempted to stop or ameliorate the larger consequences of his act does not establish that he did not know that those consequences were practically certain to occur.

AFFIRMED.

---

5. Defining this offense in terms of "intent" to burn a building would lead us to the same result, since traditional use of that term encompasses both purposeful and knowing conduct.

*United States Gypsum Co.*, 438 U.S. at 445, 98 S.Ct. at 2877; Model Penal Code § 2.02 comment 2, at 233–34; W. LaFave & A. Scott, *Criminal Law* § 3.5(a)-(b).