Opinion
 

 TURNER, P. J.
 

 I. Introduction
 

 Defendant Joan Glover appeals from a judgment of conviction for arson of an inhabited structure in violation of Penal Code section 451, subdivision (b).
 
 [1]
 
 On appeal, defendant contends that the evidence was insufficient to support her conviction of arson of an inhabited structure because defendant did not act with the requisite specific intent to set fire to an inhabited dwelling rather than her personal property and there was instructional error. We find that no prejudicial error has occurred and, as a result, the judgment is affirmed.
 

 II. The Facts
 

 On April 17, 1987, defendant lived in apartment 25 at 1170 Murchison Street in Pomona. Previously, in September of 1986, defendant had told her
 
 *907
 
 former husband that “she got some insurance and that she was gonna burn her apartment up because she needed some money.” Defendant met with several persons including Albert Dukes (Dukes) and asked him to start a fire with kerosene in her apartment. She never stated why she wanted the fire started. Dukes stated that defendant wanted two other residents of the apartment building out of the building at the time the fire was started.
 

 In compliance with her instructions, Dukes started the fire by pouring kerosene over furniture which was placed in the middle of defendant’s living room. He poured kerosene “all over the floor and left a trace to the back door.” He then dropped a burning paper bag “onto the trace of kerosene” and the fire ignited. He fled the scene of the incident.
 

 Shortly thereafter, Pomona firefighters arrived at defendant’s apartment. An arson investigation indicated that the fire had been intentionally set within a six-square-foot area in the living room of the apartment. A petroleum product was used to start the fire according to an arson investigator, and the carpet had burned down to the concrete through the carpet pad. Cupboards in the kitchen had been burned. When the fire ignited, the arson investigator stated that there had been a low-level explosion. In the upstairs area of the apartment, there had been smoke damage or residue. Both Dukes and the fire investigator identified words that had been spray painted in the upstairs area of the apartment in an effort to make the fire look as though it was “gang related.” After the fire, defendant applied for fire insurance proceeds and ultimately received an insurance settlement as a result of the fire.
 

 III. Discussion
 

 A.
 
 There is substantial evidence that defendant possessed the requisite mental state to commit a violation of section 451, subdivision (b)
 

 Defendant contends that the evidence is insufficient to support a conviction for arson of an inhabited dwelling because it is necessary that a defendant possess a specific intent to set fire to the structure. Relying upon the decision of
 
 In re Stonewall F.
 
 (1989) 208 Cal.App.3d 1054, 1066 [256 Cal.Rptr. 578], defendant argues that an essential element of the crime was the existence on defendant’s part of a specific intent to set fire to the structure. Because we believe that
 
 Stonewall F.
 
 does not correctly state California law and, in any event, there was substantial evidence of a specific intent, we affirm.
 

 First, we believe that arson remains a general intent crime. No doubt, the Court of Appeal in the decision of
 
 In re Stonewall F., supra,
 
 208 Cal.App.3d
 
 *908
 
 at pages 1062-1068, held that arson of an inhabited structure within the meaning of section 451, subdivision (b) was a specific intent crime. The California Supreme Court has discussed the requisite intent for an arson conviction on several occasions. Prior to the adoption of the Penal Code in 1872, California statutes did not require a specific intent as an element of the offense of arson. (Stats. 1856, ch. 110, §§ 4-7, pp. 131-132.) However, upon the adoption of the Penal Code in 1872, former section 447 was enacted to provide, “arson is the willful and malicious burning of a building, with the intent to destroy it.” The Supreme Court interpreted former section 447 to require the presence of a specific intent to destroy the property that was burned.
 
 (People
 
 v.
 
 Mooney
 
 (1899) 127 Cal. 339, 340 [59 P. 761];
 
 People
 
 v.
 
 Hong
 
 (1898) 120 Cal. 685, 687 [53 P. 265];
 
 People
 
 v.
 
 De Winton
 
 (1896) 113 Cal. 403, 405 [45 P. 708].)
 

 In 1929, the arson statutes were recodified and section 447 was repealed. (Stats. 1929, ch. 25, § 6, p. 46.)
 
 [2]
 
 The definition of three forms of arson described in new sections 447a, 448a, and 449a required that the perpetrator of the offense act “wilfully and maliciously.” (Stats. 1929, ch. 25, §§ 1,2, 3, p. 46.)
 
 [3]
 
 Other sections of the 1929 enactment, which prohibited arson when done with the “intent to injure or defraud the insurer” or by placing a “flammable, explosive or combustible material” in a building “with the intent to eventually willfully and maliciously set [a] fire,” did retain an intent requirement. (Stats. 1929, ch. 25, §§ 4, 5, pp. 46-47.)
 
 [4]
 
 These two latter
 
 *909
 
 sections which contained an “intent” requirement were codified as former sections 450a and 451a. In 1979, section 450a was repealed and the current provisions of section 451, subdivision (b), the offense of which defendant has been convicted, was added to the Penal Code. Section 451a was amended in 1979 and renumbered and is currently found in section 455. (Stats. 1979, ch. 145, §§ 3, 7, 9, pp. 337-339.) Of the current arson statutes codified in sections 451-457.1, only sections 453 and 455 contain a requirement that a person possess a particular intent.
 
 [5]
 

 Since 1899, despite the substantial changes in the arson provisions of the Penal Code, the California Supreme Court has only commented in dicta concerning the issue of whether there is a requirement that a specific intent exist before the crime of arson may be committed. For example, in
 
 People
 
 v.
 
 Ashley
 
 (1954) 42 Cal.2d 246, 264, fn. 4 [267 P.2d 271], the Supreme Court noted that arson was a specific intent crime. This discussion in
 
 Ashley
 
 did not focus upon any particular section of the Penal Code. On the other hand, in
 
 People
 
 v.
 
 Nichols
 
 (1970) 3 Cal.3d 150, 165 [89 Cal.Rptr. 721, 474 P.2d 673], the Supreme Court stated in dicta that arson was a general intent offense.
 

 Prior to the decision of
 
 In re Stonewall F.,
 
 the Courts of Appeal in this state have consistently held that there is no requirement of a specific intent in an arson prosecution.
 
 (People
 
 v.
 
 Tanner
 
 (1979) 95 Cal.App.3d 948, 956-958 [157 Cal.Rptr. 465];
 
 People
 
 v.
 
 Nance
 
 (1972) 25 Cal.App.3d 925, 930-931 [102 Cal.Rptr. 266];
 
 People
 
 v.
 
 Bowman
 
 (1966) 240 Cal.App.2d 358,
 
 *910
 
 386-387 [49 Cal.Rptr. 772];
 
 People
 
 v.
 
 Woods
 
 (1958) 157 Cal.App.2d 617, 622-623 [321 P.2d 477].) Other jurisdictions have without exception concluded that there is no specific intent requirement in order to commit the crime of arson unless an arson statute requires the existence of a particular intention.
 
 [6]
 

 (State
 
 v.
 
 O’Farrell
 
 (Me. 1976) 355 A.2d 396, 398;
 
 State
 
 v.
 
 Kinlaw
 
 (1977) 150 N.J.Super. 70 [374 A.2d 1233, 1235];
 
 State
 
 v.
 
 Nelson
 
 (1977) 17 Wn.App. 66 [561 P. 2d 1093, 1095];
 
 Myers
 
 v.
 
 State
 
 (Ind.Ct.App. 1981) 422 N.E.2d 745, 750;
 
 De Bettencourt
 
 v.
 
 State
 
 (1981) 48 Md.App.447 [428 A.2d 476, 481-484];
 
 Veverka
 
 v.
 
 Cash
 
 (Iowa 1982) 318 N.W.2d 447, 450 [28 . A.L.R.4th 705];
 
 Linehan
 
 v.
 
 State
 
 (Fla.Dist.Ct.App. 1983) 442 So.2d 244, 248-249;
 
 State
 
 v.
 
 Simmons
 
 (La. 1983) 443 So.2d 512, 521;
 
 Dean
 
 v.
 
 State
 
 (Wyo. 1983) 668 P.2d 639, 643.) In some states, an arson statute requires a specific intent as an element of the crime of arson or one of its related offenses and the statutory language has been interpreted to require that there be more than a mere general intent to commit the crime.
 
 (Prejean
 
 v.
 
 State
 
 (Tex.Ct.App. 1986) 704 S.W.2d 119, 121;
 
 People
 
 v.
 
 Keech
 
 (1983) 121 Misc.2d 368 [467 N.Y.S.2d 786, 788];
 
 State
 
 v.
 
 Walker
 
 (1984) 138 Ariz. 491 [675 P.2d 1310, 1313].)
 

 The Arizona Supreme Court’s interpretation of its arson statute in
 
 State
 
 v.
 
 Vickers
 
 (1984) 138 Ariz. 450 [675 P.2d 710, 711], and in
 
 State
 
 v.
 
 Walker, supra,
 
 675 P.2d at page 1313, is consistent with the general rule utilized by state courts in determining whether an arson statute requires a specific intent. Prior to the enactment of a new arson statute by the Arizona Legislature effective October 1, 1978, all that was necessary for a defendant to be convicted of arson was to possess a general criminal intent.
 
 (State
 
 v.
 
 Scott
 
 (1978) 118 Ariz. 383 [576 P.2d 1383, 1385].) However, when the Arizona arson statute was reenacted effective October 1, 1978, and there was a new requirement of a particular intent, the Arizona courts began to require the existence of a specific intent as the requisite mental state in order for there to be an arson conviction. The general rule of law throughout the country has
 
 *911
 
 been that unless a jurisdiction’s arson statute requires a particular intent, arson is a general intent crime.
 
 (United States
 
 v.
 
 Acevedo-Velez
 
 (Ct. Mil. App. 1983) 17 M.J. 1, 2-6; 5 Am.Jur.2d, Arson and Related Offenses, § 10, p. 807; 6A C.J.S., Arson, § 2, pp. 219-224.)
 

 In evaluating whether a crime under California law requires a specific or general intent, the California Supreme Court has held that unless the crime defines a specific intent, the offense is a general intent crime. In
 
 People
 
 v.
 
 Hood
 
 (1969) 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370], the California Supreme Court held: “When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant’s intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.”
 

 Section 451 requires that the act be done “willfully and maliciously” but does not indicate that any particular intent such as the intent to burn an inhabited structure is to exist. In order to act willfully, there is no requirement a defendant act with a specific intent. (§ 7, subd. 1;
 
 In re Smith
 
 (1972) 7 Cal.3d 362, 364 [102 Cal.Rptr. 335, 497 P.2d 807];
 
 People
 
 v.
 
 Gonda
 
 (1982) 138 Cal.App.3d 774, 779 [188 Cal.Rptr. 295];
 
 People
 
 v.
 
 Warren
 
 (1959) 175 Cal.App.2d 233, 239-240 [346 P.2d 64];
 
 People
 
 v.
 
 Geibel
 
 (1949) 93 Cal.App.2d 147, 177 [208 P.2d 743].) Furthermore, a defendant who acts maliciously need not possess a specific intent.
 
 (People
 
 v.
 
 Froom
 
 (1980) 108 Cal.App.3d 820, 826 [166 Cal.Rptr. 786];
 
 People
 
 v.
 
 Bohmer
 
 (1975) 46 Cal.App.3d 185, 191 [120 Cal.Rptr. 136];
 
 People
 
 v.
 
 Garcia
 
 (1970) 5 Cal.App.3d 15, 18-19 [85 Cal.Rptr. 36].) Section 450, subdivision (e) defines “maliciously” in terms of the arson statutes as “a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act . . . .” Section 450, subdivision (e) does not define the term “maliciously” as requiring an intent to burn an “inhabited structure, forest land, or property” as that language appears in section 451, subdivision (b), the statute under which defendant was convicted. The definition of “maliciously” in section 450, subdivision (e) which applies to arson prosecutions, is the same language appearing in section 7, subdivision 4. No court has ever interpreted section 7, subdivision 4 to require the presence of a specific intent as an element of a crime. Section 451, subdivision (b) which defines the particular punishment range to be imposed against a person who causes an inhabited structure or inhabited property to burn does not require any specific intent. Accordingly, because the statute under which defendant was convicted does not require a specific intent and the general rule of law throughout this country is that no specific intent is required absent language in an arson
 
 *912
 
 statute which requires the existence of a specific intent, we respectfully disagree with our colleagues’ decision in the case of
 
 In re Stonewall F., supra,
 
 208 Cal.App.3d at pages 1064-1066.
 

 However, even if there was a requirement of a specific intent, there was substantial evidence to support the jury’s verdict. Defendant’s former husband spoke with her in September 1986 before the fire. According to her former husband, defendant said that “she got some insurance and that she was gonna burn her apartment up because she needed some money.” Defendant told Dukes she wanted him and several others to start a fire by pushing “all” of her furniture to the middle of the floor. She gave Dukes “two jugs” of kerosene she obtained from her car. The “jugs” of kerosene were poured into a metal bowl while defendant was still in the apartment. The jugs were emptied into the metal bowl in the upstairs portion of the apartment. She instructed Dukes to insure that “Harold and Dicey” were out of the apartment building when the fire was started. Dukes, who was acting on defendant’s instructions, poured the kerosene “all over the floor” and created a “trace” or path of tike flammable liquid all the way to the back door of the apartment. When the kerosene provided by defendant ignited, Dukes and his accomplice were blown from the apartment through an open door by the force of the sudden ignition. This certainly constituted sufficient evidence of a specific intent to do more than simply burn personal property as asserted by defendant. Coupled with her statement to her former husband that she was “gonna burn her apartment up,” the manner in which she directed that the fire be started so that it was inevitable that there would be a burning throughout the apartment constituted substantial evidence of a specific intent to burn the inhabited apartment building.
 

 B.
 
 There was no requirement that the jury be instructed concerning a specific intent
 

 Defendant contends there was a duty on the part of the trial court to instruct the jury that an arson conviction under section 451, subdivision (b) required the existence of a specific intent. As discussed previously, we do not believe that the arson statute in question in this case requires the existence of a specific intent. In any event, even if there were such a duty to so instruct, the error would have been harmless. There is no reasonable probability or possibility that the jury would have returned a different verdict. As noted in connection with the discussion of the sufficiency of the evidence, the uncontradicted evidence overwhelmingly demonstrated a specific intent to set fire to the apartment. The evidence was uncontradicted and overwhelming. Any error was harmless.
 

 
 *913
 
 IV. Disposition
 

 The judgment is affirmed.
 

 Ashby, J., and Boren, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied December 12, 1991. Kennard, J., was of the opinion that the petition should be granted.
 

 [1]
 

 Penal Code section 451, subdivision (b) provides in relevant part: “A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property, [¶] (b) Arson that causes an inhabited structure or inhabited property to burn is a felony punishable by imprisonment in the state prison for three, five, or eight years.” All future statutory references are to the Penal Code.
 

 [2]
 

 Section 6 of chapter 25 of the Statutes enacted in 1929 states, “Sections 447, 448, 449, 450, 451, 452, 453, 454 and 455 of said code are hereby repealed.”
 

 [3]
 

 Former section 447a as it was enacted in 1929 provided: “Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson, and upon conviction thereof, be sentenced to the penitentiary for not less that two and no more than twenty years.” Former section 448a which was enacted in 1929 provided: “Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of any barn, stable, garage or other building, whether the property of himself or of another, not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building, whether the property of himself or of another; or any church, meeting house, courthouse, work house, school, jail or other public building or any public bridge; shall, upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years.” Former section 449a stated: “Any person who wilfully and maliciously sets fire to or bums or causes to be burned or who aids, counsels or procures the burning of any barrack, cock, crib, rick or stack of hay, com, wheat, oats, barley or other grain or vegetable product of any kind; or any field of standing hay or grain of any kind; or any pile of coal, wood or other fuel; or any pile of planks, boards, posts, rails or other lumber; or any streetcar, railway car, ship, boat or other watercraft, automobile or other motor vehicle; or any other personal property not herein specifically named; (such property being of the value of twenty-five dollars and the property of another person) shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than three years.” (Stats. 1929, ch. 25, §§ 1, 2, 3, p. 46.)
 

 [4]
 

 Former section 450a provided, “Any person who wilfully and with intent to injure or defraud the insurer sets fire to or bums or causes to be burned or who aids, counsels, or
 
 *909
 
 procures the burning of any goods, wares, merchandise or other chattels or personal property of any kind, whether the property of himself or of another, which shall at the time be insured by any person or corporation against loss or damage by fire; shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years.” Former section 451a provided: “Any person who wilfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel or procure the burning of any of the buildings or property mentioned in the foregoing sections, or who commits any act preliminary thereto, or in furtherance thereof, shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than two years or fined not to exceed one thousand dollars, [¶] The placing or distributing of any flammable, explosive or combustible material or substance, or any device in any building or property mentioned in the foregoing sections in an arrangement or preparation with intent to eventually wilfully and maliciously set fire to or burn same, or to procure the setting fire to or burning of same shall, for the purposes of this act constitute an attempt to burn such building or property.” (Stats. 1929, ch. 25, §§ 4, 5, pp. 46-47.)
 

 [5]
 

 Section 453, subdivision (a) provides in relevant part: “Every person who possesses any flammable, explosive, or combustible material or substance, or any device in an arrangement or preparation, with intent to willfully and maliciously use such material, substance or device to set fire to or burn any structure, forest land or property, is punishable by imprisonment in the state prison . . . ." Section 455 prohibits aiding, counseling, or procuring the burning of any “structure, forest land or property . . .” and proceeds to outlaw the “placing or distributing of any flammable, explosive or combustible material or substance, or any device in or about any structure, forest land or property in an arrangement or preparation with intent to eventually willfully and maliciously set fire to or burn same . . . .”
 

 [6]
 

 Only one federal court appears to have directly discussed the issue of what mens rea must exist in order to violate the federal arson statute. Title 18 United States Code section 81 provides in relevant part: “Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns . . . any building . . . shall be fined not more that $1,000 or imprisoned not more than five years, or both.” In
 
 United States
 
 v.
 
 M.W.
 
 (10th Cir. 1989) 890 F.2d 239, 240, the Court of Appeals analyzed the issue not in terms of a general or specific intent; rather, the court discussed whether the perpetrator’s state of mind must be purposeful as distinguished from the less strict requirement of a knowing act of starting a fire. The Court of Appeals held that a fire, under the federal arson statute, must only be set “with the knowledge that burning of a building is the practically certain result. . . .”
 
 (Id.
 
 at p. 241.) The Court of Appeals rejected defendant’s contention that title 18 United States Code section 81 required he act “purposely” when the crime was committed. Finally, the Court of Appeals relied upon two Arizona appellate court cases which held that the words “willfully and maliciously” in that state’s arson statute did not require a specific intent to burn property.
 
 (Ibid.)