[No. H010121. Sixth Dist. Oct. 28, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
WADE WILLIAM FRY, Defendant and Appellant.

## COUNSEL

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ann K. Jensen and Juliet B. Haley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WUNDERLICH, J.—**

### STATEMENT OF THE CASE

Defendant Wade William Fry appeals from a judgment entered after a court trial in which he was found guilty of arson of a structure and four counts of arson of a vehicle. (Pen. Code, § 451, subds. (c) and (d).) The court imposed the four-year midterm sentence for arson of a structure and concurrent two-year midterm sentences for the other arson offenses. The court suspended execution of the sentence and placed defendant on probation for five years on condition that he spend one year in the county jail, crediting him with one hundred and fifteen days in custody. The court then stayed imposition of the jail time pending defendant's successful completion of a residential treatment program.

On appeal, defendant claims there is insufficient evidence to support a conviction for arson of a structure. He also claims the court violated Penal Code section 654 in sentencing him for both arson of a structure and arson of the vehicle that was inside the structure and miscalculated the amount of custody credit to which he was entitled. We conclude that defendant was properly convicted of arson of a structure. However, we agree that the court erred at sentencing and in calculating custody credits.

## FACTS

During the course of February 15, 1992, defendant drank fifteen beers and one mixed drink and took two "Vicodin" pain pills. He ended up at a bar called "The Edgewater." He left at about midnight, "really drunk" and "emotionally upset and angry" at his girlfriend, with whom he had argued earlier in the day. On his way home, he intentionally set fire to four vehicles with a "Bic lighter." The fire in one of the vehicles, a convertible, damaged the carport it was parked in. Later, when defendant got home, he felt guilty, called "911," and reported the fires.

Defendant testified that he did not intend for the carport to burn. In fact, he said it did not even occur to him that setting fire to the convertible would cause the carport to burn, and had he known so, he would not have set fire to the car there.

## DISCUSSION

### I. *Conviction for Arson of a Structure*

Defendant cites *In re Stonewall F.* (1989) 208 Cal.App.3d 1054 [256 Cal.Rptr. 578], for the proposition that to commit arson of a structure requires a specific intent to burn that structure.[1] Thus, because the trial court expressly found that he did not intend to burn the carport, he claims his conviction for arson of a structure, i.e., the carport, cannot stand and that at

---

[1]Penal Code section 451 provides, in relevant part, "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land or property."

Penal Code section 450, subdivision (e), provides, " 'Maliciously' imports a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law."

Penal Code section 7, subdivision 1, provides "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage."

most he may properly remain convicted of only the lesser offense of unlawfully causing a fire (see Pen. Code, § 452[2]). We disagree.

There is now a conflict of authority concerning whether the crime of arson requires a specific intent.

In *In re Stonewall F.*, *supra*, 208 Cal.App.3d 1054, juveniles intentionally set fire to a pile of leaves near a school and the fire spread to and damaged a school building. The appellate court concluded that because juvenile court specifically found that the juveniles did not intend to burn the school, it could not properly have found that the juveniles committed arson of a structure. (*Id.* at p. 1067.) Using logical deduction, the court inferred a requirement of specific intent from the express requirement that a perpetrator act willfully and maliciously. Reduced to its essence, the opinion reasons that because the lesser offense of unlawful burning requires recklessness, i.e., a subjective awareness of the risk, the greater offense of arson must require a higher mental state. Thus, "[t]o 'willfully and maliciously' cause the burning of a structure under section 451 . . . must mean that the burning of the structure is the end in view of the wrongful conduct, to wit intended." (*Id.* at p. 1067; accord, *People* v. *Schwartz* (1992) 2 Cal.App.4th 1319, 1324-1325 [3 Cal.Rptr.2d 816].)

In *People* v. *Glover* (1991) 233 Cal.App.3d 1476 [285 Cal.Rptr. 362], the court reviewed the history of California's arson statute and concluded that arson was a general, not specific, intent crime. (*Id.* at p. 1479; accord, *People* v. *Lopez* (1993) 13 Cal.App.4th 1840, 1845 [17 Cal.Rptr.2d 317].) "Accordingly, because the statute . . . does not [expressly] require a specific intent and the general rule of law throughout this country is that no specific intent is required absent language in an arson statute which requires the existence of a specific intent, we respectfully disagree with [*Stonewall*]." (233 Cal.App.3d at pp. 1483-1484.)[3]

Clearly the arson statute requires something more than a general intent or willingness to do the proscribed act. (See *People* v. *Hood* (1969) 1 Cal.3d

---

[2]Penal Code section 452 provides, in relevant part, "A person is guilty of unlawfully causing a fire when he recklessly sets fire to or burns or causes to be burned, any structure, forest land or property."

Penal Code section 450, subdivision (f), defines "[r]ecklessly" to mean "a person is aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, burn, or cause to burn a structure, forest land, or property. The risk shall be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto."

[3]Interestingly, although the court in *People* v. *Lopez*, *supra*, 13 Cal.App.4th 1840, followed the holding in *Glover*, it found it unnecessary to disagree with the decision in *Stonewall*

444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370].) However, we are unpersuaded by the reasoning in *Stonewall* and agree with *People* v. *Glover, supra,* 233 Cal.App.3d 1476, that the something more is not the specific intent to burn a particular piece of property. The Legislature defined the crime of arson, and we do not consider it appropriate to add an element they did not see fit to expressly require. Rather, to convict a defendant of arson, the trier of fact must find only that he or she acted willfully *and maliciously* in setting fire to, burning, or causing to be burned a structure, forest land, or property.

Here, it is undisputed that defendant's conduct actually and proximately *caused* the carport, i.e., a structure, to be burned: setting fire to the car created a substantial and unjustifiable risk that the carport would burn, the carport did in fact burn, and its burning, as the trial court found, was the natural and probable consequence of his conduct.[4] Consequently, whether defendant committed arson of a structure or unlawful burning of a structure depends only on whether he willfully and maliciously performed the acts that caused the carport to burn, in which case the offense is arson, or recklessly, in which case the offense is unlawful burning.

Here, in finding defendant guilty of arson of the car in the carport, the trial court implicitly found that he willfully and maliciously set fire to the car. The record reveals substantial evidence to support this finding, and defendant does not claim otherwise. It follows, a fortiori, that in causing the carport to be burned, defendant acted willfully and maliciously. Thus, we conclude that the trial court properly found defendant guilty of arson of a structure. (Cf. *People* v. *Green* (1983) 146 Cal.App.3d 369 [194 Cal.Rptr. 128].) The court's comments that defendant did not specifically intend for the carport to burn are of no legal import on the issue of guilt. Moreover, that defendant's willful and malicious conduct may *also* have been reckless does not suggest that he may not be convicted of arson of the carport or that his culpability is the same as someone who recklessly starts a fire that causes a structure to be burned.

because the discussion therein of whether arson required a specific intent "can *only* have been, and was, an archetypical example of dicta." (*Id.* at p. 1845, fn. omitted, italics in original.)

[4]This finding distinguishes this case from *Stonewall*, where the court observed that the intentional burning of the leaves was "causally distant" from the burning of the school. (*In re Stonewall F., supra,* 208 Cal.App.3d at p. 1066.)

Defendant suggests that the facts here do not indicate that the damage to the carport was more foreseeable than the damage to the school in *Stonewall*, noting that there the juveniles set fire to a pile of leaves near a wall which was near the doors to the multipurpose room of a school (*In re Stonewall F., supra,* 208 Cal.App.3d at p. 1066), and here "the vehicle [defendant] set afire was similarly near a building."

Defendant understates his facts. The car was *inside* a covered carport, not just near a building. Thus, in our view, it is far more foreseeable that the car fire would directly damage, if not spread to, the carport than that a leaf fire would spread laterally to adjacent areas.

## II. *Dual Punishment*

As noted above, the court imposed a four-year midterm sentence for arson of the carport and concurrent midterm sentences for all four counts of arson of property, i.e., the vehicles. ■ Although the court suspended execution of the sentence and placed defendant on probation, he contends that under Penal Code section 654, he may not properly be punished for both arson of the carport and arson of the vehicle that was inside it because the two offenses were part of a single, indivisible course of conduct and shared the same criminal objective.[5] (See *People* v. *Pearson* (1986) 42 Cal.3d 351, 359 [228 Cal.Rptr. 509, 721 P.2d 595]; *People* v. *Coleman* (1989) 48 Cal.3d 112, 162 [255 Cal.Rptr. 813, 768 P.2d 32].)

The Attorney General concedes, and we agree, that it was error to impose, but not stay, the sentence on one of the two offenses. Both resulted from a single act and, in light of the trial court's finding that defendant did not intend to burn the carport, both shared the same criminal objective.

The Attorney General suggests that we need do nothing about this error because defendant was placed on probation. "[T]hus, regardless of whether [we] stay[ ] the imposition of that term, appellant's probation time will not be [affected]."

Defendant was entitled to have the trial court follow the proper procedures in imposing sentence, and the judgment should so reflect. Thus, having decided to treat the four-year term for arson of a structure as the principal term, the court should have separately stayed execution of the term imposed for arson of the vehicle in the carport. (*People* v. *Pearson*, *supra*, 42 Cal.3d at pp. 361-362.)

## III. *Custody Credit*

■ Defendant contends, and the Attorney General agrees, that he did not receive all of the custody credit to which he was entitled. The record supports this contention.

"Penal Code section 4019, specifies how prisoners may obtain certain credits. Subdivisions (b) and (c) of that section provide: 'for each *six-day period* in which a prisoner is confined in or committed to a specified facility' one day shall be deducted from his period of confinement for performing

---

[5]Penal Code section 654 provides, in relevant part, that "[a]n act . . . which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one[.]"

labors, and one day shall be deducted for compliance with the rules and regulations of the facility. Subdivision (f) of that section provides 'if all days are earned under this section, a term of six days will be deemed to have been served for every *four days spent in actual custody*.' (Italics added.)" (*People v. Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707].)

The correct amount of credit is calculated by dividing the number of days spent in custody by four and rounding down to the nearest whole number. This number is then multiplied by two and the total added to the original number of days spent in custody. (*People v. Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515].)

Here, the court credited defendant with only the 115 days actually spent in custody. However, defendant was also entitled to an additional 56 days of credit under Penal Code section 4019 for a total of 171 days.[6]

## DISPOSITION

The judgment is modified to stay the sentence on count 2 (arson of the vehicle in the carport) and to credit defendant with an additional 56 days of custody credit. As modified, the judgment is affirmed. The clerk of the superior court is directed to amend the abstract of judgment in accordance with the above-noted modifications.

Premo, Acting P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 20, 1994. Kennard, J., was of the opinion that the petition should be granted.

---

[6]The calculation is as follows: 115 days divided by 4 equals 28, times 2 equals 56, plus 115 equals 171 days of credit.