Filed 11/17/22  P. v. Jackson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEVON DUPREE JACKSON,<br><br>    Defendant and Appellant. | F081960<br><br>(Super. Ct. No. BF174521A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Jennifer M. Poe and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

A jury convicted defendant Devon Dupree Jackson of arson after he intentionally set fire to his bed in a treatment facility where he was living.  The trial court sentenced defendant to six years in prison and ordered defendant to pay various fines and assessments.  Defendant argues that the trial court erred in failing to instruct the jury as to the lesser included offense of unlawfully causing a fire and in ordering fines and assessments without first determining defendant's ability to pay them.  In supplemental briefing, defendant argues that we should remand for the trial court to resentence in light of amendments to Penal Code[1] section 1170.  The People concede that we should remand this matter for resentencing.  We accept the People's concession, mooting defendant's argument as to the imposition of fines and assessments, but otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

Defendant was originally charged by complaint on November 20, 2018.  Prior to defendant's preliminary hearing, defense counsel raised a doubt as to defendant's competency pursuant to section 1368.  The trial court found defendant incompetent to stand trial and committed him to the State Department of State Hospitals on January 23, 2019.  Defendant was found competent to stand trial on June 27, 2019, and the trial court reinstated his criminal proceedings.

By amended information filed on September 15, 2020, the District Attorney of Kern County charged defendant with arson of property (§ 451, subd. (d); count 1) and alleged one prior "strike" conviction within the meaning of the "Three Strikes" law (currently codified at §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and one prior serious felony conviction (§ 667, subd. (a)), both for the same prior conviction.  Defendant pleaded not guilty and denied the prior conviction allegations.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The jury convicted defendant of arson of property on September 17, 2020, after a three-day trial. During a bifurcated sanity trial, the jury found defendant sane at the time of the offense. Defendant waived his right to a jury trial on allegations relating to his prior convictions, and the trial court found the allegations true.

The trial court denied defendant's motion to strike his prior serious felony conviction for purposes of the Three Strikes law but granted his motion to strike the conviction for purposes of the five-year sentencing enhancement pursuant to section 667, subdivision (a). The trial court sentenced defendant to the upper term of six years in prison for arson and ordered defendant to pay victim restitution (former § 1202.4, subd. (f)), a $300 restitution fine (former § 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

Defendant timely appealed on October 20, 2020.

## FACTS

Defendant was admitted into a sober living facility in Kern County on November 16, 2018. The facility was occupied by 16 clients and supervised 24 hours a day. Defendant was assigned the top bunk of a bed owned by the facility. At approximately 6:45 p.m., defendant entered the dayroom of the facility and asked Edward Klinefelter, the facility's manager, "Would I get violated if I lit a fire?" Within minutes, the facility's fire alarms activated. Klinefelter grabbed a fire extinguisher and went to defendant's bedroom. Someone had already taken the mattress outside, and Klinefelter extinguished fire in the bedroom and in the kitchen, caused by dragging the mattress outside, and then went outside and extinguished fire on the mattress. The fire caused smoke damage on the bedroom ceiling and melted the window blinds.

After the fire, Klinefelter saw defendant outside asking another client for a cigarette. At Klinefelter's direction, defendant handed Klinefelter the lighter defendant was holding and followed instructions to sit inside. Captain Victor Mabry, at that time an

3.

arson investigator with the Bakersfield Fire Department, responded to the facility and spoke with defendant after defendant waived his *Miranda*[2] rights and agreed to answer questions. Mabry asked defendant what happened. Defendant motioned with his hand to indicate the use of a cigarette lighter. Defendant then said that he set the mattress on fire with a cigarette lighter. Defendant identified the cigarette lighter that Mabry received from Klinefelter as the one defendant used to set the fire. Defendant told Mabry that he set the fire because he heard voices that told him to do so.

Mabry determined that the top bunk in defendant's bedroom was the point of origin for the fire based upon the V-shaped pattern of smoke staining the corner over that area. Mabry testified that finding a burnt cigarette might be indicative that the fire was caused accidentally. However, if the fire had been caused by a smoldering cigarette, it would have taken more than 15 minutes to combust into an open flame. Mabry testified that it was unlikely the fire was caused by a smoldering cigarette given the fast spread of the fire and indications of a high smoke layer in the room.

Defendant testified he arrived at the facility at approximately 4:30 p.m., after his parole officer transported him there from a mental ward. Defendant had been hearing voices from the time he was six years old. While outside lighting a cigarette, defendant heard a voice that told him to set a fire. Defendant decided to do as the voice asked, went inside to his room, and asked his roommates to leave. Defendant waited until he was alone to set the fire. He stood by his bed and used a cigarette lighter to set fire to the blanket and pillowcase. Defendant watched the fire spread. He tried to put it out but was too late. Unable to extinguish the fire, defendant found Klinefelter in another room and asked if he would get into trouble for starting the fire. Defendant then watched television while other individuals took the mattress outside. Later, defendant gave the lighter to Klinefelter and told Mabry that he set the fire.

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

# DISCUSSION

## I. *The trial court did not err in refusing to instruct the jury as to the lesser included offense of unlawfully causing a fire.*

### A. Background

Defense counsel requested that the trial court instruct the jury on the elements of unlawfully causing a fire (CALCRIM No. 1532) as a lesser included offense of arson. The trial court denied defendant's request.

### B. Applicable Law and Standard of Review

The trial court possesses a duty to instruct on all lesser included offenses " 'when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154, abrogated on another ground by amendment of § 189.) However, "the existence of '*any* evidence, no matter how weak' will not justify instructions on a lesser included offense, but such instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury. [Citations.] 'Substantial evidence' in this context is ' "evidence from which a jury composed of reasonable [persons] could … conclude[]" ' that the lesser offense, but not the greater, was committed." (*Id*. at p. 162, first bracketed insertion added.) Whether or not a reasonable jury could have so concluded based on the evidence in this case is a matter we determine de novo. (See *People v. Cole* (2004) 33 Cal.4th 1158, 1215.)

Unlawfully causing a fire (§ 452) is a lesser included offense of arson (§ 451). (*People v. Atkins* (2001) 25 Cal.4th 76, 88 (*Atkins*); *People v. Schwartz* (1992) 2 Cal.App.4th 1319, 1324 (*Schwartz*); *People v. Hooper* (1986) 181 Cal.App.3d 1174, 1182, disapproved on another ground in *People v. Barton* (1995) 12 Cal.4th 186, 198–199, fn. 7.) "A person is guilty of unlawfully causing a fire when he recklessly sets fire to or burns or causes to be burned, any structure, forest land or property." (§ 452.)

Relating to arson, "recklessly" means that "a person is aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, burn, or cause to burn a structure, forest land, or property. The risk shall be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." (§ 450, subd. (f).)

"The critical distinction between arson, as defined in section 451, and unlawfully causing a fire, as defined in section 452, is the mental state with which the burning is carried out." (*People v. Hooper*, *supra*, 181 Cal.App.3d at p. 1181.) Arson's "willful and malice requirement ensures that the setting of the fire must be a deliberate and intentional act, as distinguished from an accidental or unintentional ignition or act of setting a fire." (*Atkins*, *supra*, 25 Cal.4th at p. 88.) Arson is a general intent crime that requires a person to have the general intent to do the act that causes the harm (i.e., start the fire). (*Id*. at pp. 79, 84, 86, 89.) In the context of arson, malice in law "will be presumed or implied from the deliberate and intentional ignition or act of setting a fire without a legal justification, excuse, or claim of right." (*In re V.V.* (2011) 51 Cal.4th 1020, 1028.) "On the other hand, the offense of unlawfully causing a fire covers reckless accidents or unintentional fires, which, by definition, is committed by a person who is 'aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, burn, or cause to burn a structure, forest land, or property.' [Citations.] For example, such reckless accidents or unintentional fires may include those caused by a person who recklessly lights a match near highly combustible materials." (*Atkins*, at p. 89.)

We review the trial court's refusal to instruct on a lesser included offense de novo. (*People v. Nieves* (2021) 11 Cal.5th 404, 463.)

### C. Analysis

In this case, the record includes no evidence that would support a conviction for recklessly causing a fire. No evidence suggests that the offense was anything less than

6.

arson. The evidence demonstrated defendant admitted he used a lighter to start the fire to his blanket and pillowcase. Defendant testified that voices told him to set a fire and he decided to do what the voices asked, went inside to his room, cleared his roommates from the room, and used a lighter to set the fire. This was a deliberate act. No evidence suggests that defendant started the fire through reckless or unintentional conduct, such as carelessly discarding a lit cigarette in the presence of combustible materials or emptying a trash can containing smoldering embers. Thus, the trial court did not err by refusing to instruct the jury on the lesser included offense of unlawfully starting a fire.

Defendant argues that "[s]ince little is known about how the fire started, other than the fact that [defendant] most likely used a lighter, the possibility that [defendant] started the fire in a way that indicated recklessness cannot be ruled out." But such speculation is not the test and, contrary to defendant's claim, the jury did not have to speculate about his intent because he admitted he used the lighter specifically to start the fire. We also reject defendant's argument that his claimed attempts to extinguish the fire and his report to Klinefelter evidence a lack of intent to set the fire. Defendant testified that the voices told him to set a fire "[s]o I went in there and I set the fire." He testified, "As soon as he gave me the lighter[,] I sat down and I lit the cigarette and the voices start telling me [to] go in there and set the house on fire." When asked if he went into the house, defendant testified, "I just went right in there and set the house on fire." Defendant testified that while in the bedroom, he hesitated and asked himself what he was doing. But he always did as the voices asked "[s]o I just set the blanket on fire and I set the pillowcase on fire and then I—I backed up and I was watching." Then he thought, "ah, shit," and tried to put it out before going to Klinefelter. On cross-examination, defendant testified, "I was already—my mind was already made up before I walked [into the bedroom]. [The voices] told me to do it so that's what I was going in there for, to set the fire." Defendant never testified that he started the fire accidentally or unintentionally, and his testimony does not support a finding that he did not willfully or maliciously set the fire.

7.

Defendant relies on *Schwartz, supra*, 2 Cal.App.4th at pages 1324–1325 to support his argument that the trial court erred in failing to instruct on the lesser included offense. However, *Schwartz* is distinguishable. In that case, the evidence demonstrated Schwartz intentionally set fire to numerous car frames inside a repair business because he was angry that work had not been completed on his car. (*Id.* at p. 1322.) A flame from a vehicle burned the structure's loft and roof. (*Id.* at pp. 1322–1323.) The appellate court reversed Schwartz's arson conviction due to a failure to instruct on the offense of unlawfully causing a fire because it determined that reasonable inferences drawn from the evidence supported a conclusion that he only intended to set fire to the cars and his intention was reckless as to the structure.[3] (*Schwartz*, at p. 1325.) Here, however, defendant set fire to his blanket and pillowcase and was not charged with burning the structure. (Compare § 451, subd. (d) [arson of property] with § 451, subd. (b) [arson of an inhabited structure].) The evidence established defendant used a lighter to set his bedding on fire. The jury could not reasonably infer from this evidence anything other than he intended to set the bedding on fire.

The trial court did not err in refusing to instruct the jury as to the lesser included offense of unlawfully causing a fire because the instruction was not supported by substantial evidence.[4]

---

[3]    *Schwartz* was decided before our Supreme Court held in *Atkins* that "arson requires only a general criminal intent and that the specific intent to set fire to, burn, or cause to be burned the relevant structure or forest land is not an element of arson." (*In re V.V.*, *supra*, 51 Cal.4th at p. 1027, citing *Atkins*, *supra*, 25 Cal.4th at p. 84.) Therefore, *Schwartz* does not appear to be good law on the necessity to instruct on a lesser included offense under circumstances where a defendant intends to burn one thing but also burns property not intended. But even before *Atkins* addressed the issue, at least one other appellate court disagreed with *Schwartz*'s conclusion that arson required an intent to burn a particular piece of property. (See *People v. Frye* (1993) 19 Cal.App.4th 1334, 1339.)

[4]    Defendant argues that the failure to so instruct violated the federal Constitution's due process requirement that the courts afford every criminal defendant an opportunity to present a complete defense. However, the refusal to instruct on an unsupported theory does not prevent a

8.

## II. *The effect of new sentencing legislation.*

### A. Background

The trial court sentenced defendant a term of six years, which represents the upper term of three years provided by section 451, subdivision (d), doubled due to defendant's prior serious felony conviction pursuant to section 667, subdivision (e). In striking the five-year enhancement pursuant to section 667, subdivision (a), the trial court described defendant's case as "unusual in that it's clear he does suffer from a mental condition."

At the time of defendant's sentencing, section 1170, former subdivision (b) provided that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 15.) Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170 in one respect that is relevant here. Section 1170, subdivision (b)(6)(A) now provides in relevant part that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term," if, the trial court finds an offender's psychological, physical, or childhood trauma was a contributing factor in the offense. (Stats. 2021, ch. 731, § 1.3.)

Defendant's many psychiatric reports discuss his childhood and history of mental illness. As relevant here, defendant denied childhood abuse or neglect but did report that he "got a lot of whoopin[g]s as a kid" and was hit in the head by a brick, which caused him to lose consciousness and required surgery.

### B. Applicable Law and Analysis

Defendant contends that because his case is not yet final on appeal, he is entitled to the benefits of section 1170, as amended, pursuant to the principles of retroactivity set

---

defendant from presenting a complete defense. (*People v. Nelson* (2016) 1 Cal.5th 513, 540–541.) The trial court did not violate defendant's right to present a complete defense.

forth in *In re Estrada* (1965) 63 Cal.2d 740. The People agree the amendments are retroactive and concede that because the record reflects the possible existence of such trauma, we should remand the case for resentencing.

Under *In re Estrada*, *supra*, 63 Cal.2d 740, "[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted.) Nothing in Senate Bill 567 suggests legislative intent that the amendments apply prospectively only, and defendant's case is not yet final. (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)

Where an ameliorative statute like this one is retroactive, a remand is appropriate unless "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) At the time of sentencing, defendant was not entitled to a presumptive lower term upon a showing that he suffered a qualifying psychological, physical, or childhood trauma and that trauma contributed to the commission of his crime. Defendant thus had less incentive to develop a record regarding these issues. By the same token, the trial court had less incentive to assess whether psychological, physical, or childhood trauma was a contributing factor. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242.) However, the record contains some indication that defendant might suffer from qualifying trauma and that the trauma may have contributed to the crime. The record does not clearly indicate what sentencing decisions the trial court would have made if it was bound by the new requirements of Senate Bill 567. Therefore, we agree with the parties that remand is appropriate so the trial court may fully resentence defendant anew, incorporating the new legislative changes. (See *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.)

We express no opinion as to whether defendant suffered qualifying trauma, or whether it in fact contributed to the commission of the crime, or whether imposing the lower term would be contrary to the interests of justice. "Those are questions best left to the trial court to answer in the first instance." (*People v. Banner*, *supra*, 77 Cal.App.5th at p. 242.)

### III. *Imposition of fines and assessments without an ability to pay hearing.*

Defendant argues the court failed to conduct an ability-to-pay hearing as to the fines and assessments it imposed and that we should strike them pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Given the remand for further proceedings that will require resentencing, we conclude it is unnecessary to reach defendant's *Dueñas* arguments; they are moot and defendant may raise them at resentencing.

### DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court to resentence defendant under Penal Code section 1170, as amended by Senate Bill 567. Following resentencing, the trial court clerk shall prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


HILL, P. J.

WE CONCUR:


PEÑA, J.


SNAUFFER, J.

11.