[Crim. No. 4349.    Second Dist., Div. Three.    Sept. 29, 1949.]

THE PEOPLE, Respondent, v. JAMES CARL THOMPSON, Appellant.

David Silverton for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was convicted in a trial to the court of two offenses of assault with a deadly weapon, one upon Walter E. Shaw and one upon Lawrence C. Merritt, both deputies of the sheriff. Defendant's motion for new trial and his application for probation were denied and he was sentenced under each judgment to confinement in the county jail for one year, the sentences to run concurrently. He appeals from the judgments and the order denying his motion for a new trial.

The evidence of the People established the following facts: About midnight, in the home of defendant and his wife, defendant, while in a state of intoxication, struck his wife with a shoe, inflicting a wound which bled. Mrs. Thompson telephoned the sheriff's office and deputies Shaw and Merritt, in uniform, responded, conversed with Mrs. Thompson, who had her head wrapped in a bloody towel, entered the house with her and proceeded to the threshold of the bedroom where defendant was seated on the bed. Mrs. Thompson requested the officers to arrest defendant for intoxication and disturbing the peace; Officer Shaw replied that he could not arrest the defendant, not having been present when the altercation occurred. An argument with defendant ensued. Defendant challenged the officers to arrest him but the latter made no attempt to do so. Defendant removed his coat and, as developed on cross-examination of one of the officers, acted in a belligerent manner, as if he wished to fight. He then

went to a chest of drawers which was about 3 feet from Officer Shaw, who was standing in the doorway with Mrs. Thompson and Officer Merrill, and removed a loaded revolver from the top drawer with his right hand. Standing there, he pointed the revolver toward the officers, aimed between them and pointed downward and he said: "No God damn law is going to take me without a search warrant (or a warrant)." He then ordered the officers to raise their hands and when they did not comply immediately he said to Officer Shaw: "I said to raise your hands. Your partner too." The officers did so, holding their hands up for about 30 seconds, in which interval no one moved. Defendant turned his head aside, Officer Shaw drew his gun, covered the defendant, told him he was under arrest, defendant replaced the gun in the drawer, was placed under arrest, handcuffed and taken to jail.

The only point argued on the appeal is that the evidence is insufficient to prove assault with a deadly weapon. In his opening brief, after reciting the evidence substantially as we have given it, his attorney says: "This counsel feels that the facts herein shown do not indicate that any agency intervened to make the defendant put down his pistol and it cannot be said from the facts herein shown that the defendant ever intended the pointing of the gun to be more than a mere idle gesture."

It has long been settled, and has not been questioned in any case with which we are familiar, that acts such as those above related constitute the offense of assault with a deadly weapon. In *People* v. *McMakin*, 8 Cal. 547, a conviction of assault with a deadly weapon was affirmed upon evidence that the accused pointed a loaded gun toward the prosecuting witness and demanded that he leave the premises immediately. We refer to pages 548 and 549 of the opinion and adopt them as a part of our own. Although defendant here did not fire the gun, his demand that the officers raise their hands was an implied threat. While he did not point the gun directly at them or either of them, it was in a position to be used instantly. Although the implied threat was that he would shoot if the officers did not raise their hands, he was demanding immediate compliance. Whether he intended to shoot if they failed to comply was to be determined from his conduct. His testimony was not that he pointed the gun without intending to use it, but that he did not take it from the drawer or have it in his hand. The argument that the offense of assault with a deadly weapon is not established

unless the accused goes further than defendant here did in an attempt to commit a violent injury upon the person of another is contrary to the decisions. (See *People* v. *McCoy,* 25 Cal.2d 177 [153 P.2d 315] ; *People* v. *Duncan,* 72 Cal.App. 2d 423 [164 P.2d 510].) As was said in the McMakin case, "It would indeed be a great defect in the law if individuals could be held guiltless under such circumstances."

The judgments and order are affirmed.

Wood, J., and Vallée, J., concurred.