[No. D013304. Fourth Dist., Div. One. Jan. 22, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES A. SCHWARTZ, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

## Counsel

Scott A. Wahrenbrock for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Raquel Gonzalez and Nancy L. Palmieri, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WIENER, Acting P. J.**—An information charged defendant James A. Schwartz with arson of a structure and forest land (Pen. Code, § 451, subd.(c)),[2] arson of property of another (§ 451, subd. (d)), assault with a firearm (§ 245, subd. (a)(2)), and false imprisonment by violence (§§ 236 and 237).

---

[2]All statutory references are to the Penal Code unless otherwise specified.

The information further alleged Schwartz personally used a firearm within the meaning of section 12022.5, subdivision (a) and damage to the personal property exceeded $25,000 within the meaning of section 12022.6, subdivision (a).

A jury found Schwartz guilty on all counts and found all the allegations to be true. The court sentenced Schwartz to prison for nine years: six years for arson of a structure, a consecutive one-year sentence for assault with a firearm and a consecutive two-year sentence on the firearm enhancement. The court ordered concurrent sentences for arson of personal property and stayed the conviction for false imprisonment (§ 654.)

Schwartz appeals from the judgment entered on the jury verdicts contending there is insufficient evidence to support his convictions of arson to a structure and assault with a firearm. He also asserts that instructional and sentencing errors require reversal or remand for resentencing. We conclude the court prejudicially erred in failing to instruct on the lesser included offense of unlawfully causing fire to a structure and therefore reverse the conviction of arson of a structure on that ground. We reject Schwartz's remaining arguments and affirm the balance of the judgment.

FACTUAL BACKGROUND

In April 1989, Schwartz went to McBurnie Coachcraft to complain about the work being done on his car chassis. Schwartz was angry because the work had not been completed. McBurnie offered to give Schwartz his money back, but Schwartz refused to calm down. Schwartz told McBurnie he would get even.

Three days later, on April 27, at 7:10 a.m. Schwartz returned to McBurnie Coachcraft, dressed in dark clothing, sunglasses, a black baseball cap and a bandanna over his face. He had a gun. Upon entering the premises he ordered the employees to lie down on the floor. To ensure compliance Schwartz cocked his gun. Employees Larry Gabel, Walter Shepard, Steven Whitbeck, Kevin Burnett and Patrick Butters, recognized Schwartz's voice. Schwartz told them nobody would be hurt if they cooperated.

Schwartz removed cans of gasoline from a bag and began pouring it on car frames and other parts of the garage. He lit a piece of paper, threw it on the ground and left the building.

In the ensuing blaze several cars were damaged. Damage on two of the cars exceeded $25,000. The fire also damaged the building after a flame

from a vehicle burned the ceiling of the structure, damaging the loft and roof. The total loss was approximately $116,850.

The following day, an employee of a Howard Johnson Motel found a bag which had been wet with gasoline containing caps, fuel, lighters, tennis shoes, gloves, a black sweatshirt and other articles of clothing. Schwartz had stayed at the Howard Johnson for three nights and had checked out a few hours after the fire.

After obtaining a search warrant, police searched Schwartz's house where they found a car rental receipt, a box of .45-caliber ammunition, and some film with photographs of vehicles at McBurnie Coachcraft.

Schwartz testified he did not set any cars on fire. He had not returned to McBurnie Coachcraft after April 24. He also presented expert testimony to prove he had been misidentified.

DISCUSSION

I. *Arson of a Structure*

A.

■ Although we shall reverse Schwartz's conviction of arson of a structure because of the court's failure to instruct on a lesser included offense we must first consider whether there is merit to Schwartz's claim there is insufficient evidence to uphold that conviction. ■ Analysis of that issue requires us to "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence —that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738].) We "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321], citing *People* v. *Sweeney* (1960) 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].)

■ Here, Schwartz poured gasoline on several cars and portions of the garage surrounding the cars. He then lit the entire area. A reasonable trier of fact could reasonably infer from these facts that Schwartz not only wanted to set fire to the cars, but also intended to burn the structure. This is especially true given the fact Schwartz was angry with McBurnie and told him he would get even. "Getting even" could have included more than simply burning the cars, one of which was his own.

In *People* v. *Tanner* (1979) 95 Cal.App.3d 948 [157 Cal.Rptr. 465], the defendant was convicted of arson to a structure although she claimed she had only intended to burn a bed inside the structure. The court found the fire to the structure was not "secondary" because "[i]t was shown that the fire on the bed was started by deliberate application of an open flame to the bed clothes, an act from which it could be inferred that the bed was intended to be used as a torch to set the building on fire." (*People* v. *Tanner, supra,* 95 Cal.App.3d 948, 956.)

Reversal is not required even though the jury could have found the fire to the building was set recklessly. Where there is substantial evidence to support the verdict, reversal is not warranted because the circumstances might also be reasonably reconciled with a contrary finding. (*People* v. *Redmond, supra,* 71 Cal.2d 745, 755.) We therefore hold sufficient evidence supports the judgment convicting Schwartz of arson of a structure.

### B.

As to the arson conviction Schwartz also argues the court should have instructed the jury sua sponte on the lesser included offense of unlawfully causing a fire to a structure (§ 452, subd. (c)).

" 'It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case.' " (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], quoting *People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) "That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation] but not when there is no evidence that the offense was less than that charged. [Citations.] The obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given. [Citations.] Just as the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an acquittal when that evidence is sufficient to establish a lesser included offense. [Citation.]" (*People* v. *Sedeno, supra,* 10 Cal.3d 703, 715-716, fn. omitted.)

Unlawfully causing a fire is a lesser included offense of arson. A defendant may be charged with unlawfully causing a fire when he or she did

not specifically intend to burn a structure, but was aware of and consciously disregarded a substantial and unjustifiable risk that his or her act would cause the structure to burn. (*In re Stonewall F.* (1989) 208 Cal.App.3d 1054, 1066 [256 Cal.Rptr. 578].)

Here, the evidence as developed by the prosecution and reasonable inferences drawn from the evidence would support a conclusion that Schwartz only intended to set fire to the cars. In fact, this concern was specifically raised by the jury when they expressed confusion over the meaning of "intent." A juror asked, "If there has been an intentional setting and something burns and then just goes on to something else and burns another item that may or may not have been the intent, but burns something else, is that second item considered willful and malicious just as the first one was?" We believe the jury was prompted to ask this question because of their apparent concern that the fire to the building had been unintentional, an unanticipated result of the fire to the cars. Accordingly the court should have instructed the jury on the lesser included offense of unlawfully causing fire to a structure. By not doing so, Schwartz was deprived from having the jury "determine every material issue presented by the evidence." (*People* v. *Modesto* (1963) 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33].) Failure to instruct the jury on this issue must be deemed prejudicial. We therefore reverse the judgment as to this conviction only.[3]

## II. *Assault With a Firearm*

■ Schwartz claims his conviction of assault with a firearm should be reversed because: (1) he did not have the present ability to cause bodily harm, i.e., there was insufficient proof the gun he used was loaded; and (2) the evidence did not show he unlawfully attempted to apply physical force upon the victims.

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) "[T]o constitute an assault the wrongdoer must have a *present ability* to injure. Hence, threatening to shoot a person with an unloaded gun would not be an assault, at least so far as criminal liability is concerned." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 349, p. 438.)

---

[3]In light of our conclusion we do not address Schwartz's claim the court erred when it sentenced him to the upper term for this conviction. We also do not address his contention that the court improperly ordered him to pay $122,350 in restitution. The People agree Schwartz was only liable for a maximum of $10,000 pursuant to Government Code section 13967, as it existed at the time the crimes were committed. Presumably these matters will be resolved when the case is remanded to the trial court for further proceedings consistent with this opinion.

Here, the prosecution presented evidence that Schwartz pointed the gun at several employees and that later, ammunition for the gun was found in his home. This is sufficient for a reasonable jury to find the gun was loaded at the time of the incident. Therefore Schwartz had the present ability to commit a violent injury on any of the employees.

Schwartz also argues he did not intend to injure anyone. The defendant in *People* v. *Thompson* (1949) 93 Cal.App.2d 780 [209 P.2d 819], raised a similar argument. After taking a gun from a drawer, he pointed it toward two police officers. He aimed between them, pointed the gun downward and ordered them to raise their hands. The officers eventually disarmed Thompson who was convicted of assault with a firearm. "It has long been settled, and has not been questioned in any case with which we are familiar, that acts such as those above related constitute the offense of assault with a deadly weapon. . . . Although defendant here did not fire the gun, his demand that the officers raise their hands was an implied threat. While he did not point the gun directly at them or either of them, it was in a position to be used instantly. Although the implied threat was that he would shoot if the officers did not raise their hands, he was demanding immediate compliance. Whether he intended to shoot if they failed to comply was to be determined from his conduct. His testimony was not that he pointed the gun without intending to use it, but that he did not take it from the drawer or have it in his hand. The argument that the offense of assault with a deadly weapon is not established unless the accused goes further than defendant here did in an attempt to commit a violent injury upon the person of another is contrary to the decisions." (*People* v. *Thompson, supra,* 93 Cal.App.2d 780, 782-783.)

Similarly, Schwartz ordered the employees to lie down while pointing the gun randomly towards them. He cocked the gun and told the men their safety was dependent on their cooperation. Although Schwartz, like Thompson, testified he did not commit the offense rather than claiming he did not use the gun, the jury rejected his testimony reasonably concluding his actions were sufficient to constitute an assault. Even though no injuries were actually sustained his actions were "implied threats," in circumstances where someone could have been harmed. Pursuant to proper instructions there was ample evidence for the jury to find that Schwartz was guilty of assault with a firearm.[4]

---

[4]In a related argument, Schwartz claims the jury received erroneous instructions on assault with a firearm. The judge instructed the jury by stating: "Now we are going to determine assault. Any person that makes an unlawful attempt coupled with the present ability to apply physical force upon the person of another has committed assault." Schwartz claims combining the two elements, unlawful attempt and present ability, was wrong because it did not give the jury a chance to actually determine whether he unlawfully attempted to apply physical force

III. *Sentencing*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The conviction of arson of a structure is reversed. The balance of the judgment is affirmed. If the district attorney elects not to retry the offense of arson of a structure, the district attorney may within 30 days following the filing of our remittitur move to set aside sentences on the remaining counts to permit resentencing on those counts. On remand the trial court shall also modify its restitution order consistent with the provisions of Government Code section 13967 in effect at the time the offenses were committed.

Todd, J., and Benke, J., concurred.

---

upon any employees. This contention is meritless given the discussion above concerning what actions constitute an assault. The evidence overwhelmingly showed Schwartz unlawfully attempted to apply physical force upon his victims. The instructions properly informed the jury they needed to find Schwartz had the present ability to commit an assault *and* he must have unlawfully attempted to apply physical force. The court committed no error.

\*See footnote 1, *ante*, page 1319.