[No. D016101. Fourth Dist., Div. One. Mar. 10, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN LOPEZ, Defendant and Appellant.

COUNSEL

Peter Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary Schons and Garrett Beaumont, Assistant Attorneys General, and Carl H. Horst, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

NARES, J.—Juan Lopez (Lopez) appeals following his conviction by jury of arson of an inhabited structure in violation of Penal Code section 451, subdivision (b). On this appeal Lopez asserts the trial judge committed prejudicial error in (1) excusing a juror for cause, (2) failing to instruct the jury properly on the appropriate mental state required for conviction, and (3) failing to instruct the jury as to the elements of a lesser included offense. We affirm.

FACTS

There is no challenge as to the sufficiency of the evidence received below in support of the verdict. Briefly, Lopez, his wife, and his mother were living in the Calexico Mobile Home Park in a trailer which belonged to Mrs. Lopez. Lopez and his wife became engaged in a domestic dispute.

The fight with his wife resulted in Lopez's firing various rifles and shotguns into the air after midnight. Mrs. Lopez fled to a neighbor's home. The police arrived and confiscated the weapons. Because the trailers in the park are only about 10 feet apart, neighbors of Lopez who were unsettled by the gunfire did not go back to sleep, but remained awake after the police had gone.

One neighbor, Alvin Franklin, saw Lopez bring his mother out of the trailer and put her in a car, and return two or three times to the trailer to bring out clothing which he placed in the car. Another neighbor, Sergio Diaz, also saw Lopez put clothing in his car and bring his mother out to the car. Both Franklin and Diaz noted Lopez set off the alarm on his motorcycle at one point.

While Lopez went into the trailer the last time, Diaz saw flames inside producing a silhouette of Lopez, who left the trailer and then drove off with

his mother. Franklin, who saw smoke coming from the Lopez trailer at the same time as Lopez drove off, called the fire department. In the opinion of a fire captain, the fire started in a pile of clothing on top of a bed. The fire did not have the characteristics of an accidental combustion.

## DEFENSE

Lopez claimed he woke up, smelled smoke, and left with his mother. His testimony, supported by the opinion of a defense expert, was that the fire was either accidental, or some other person had set fire to the inhabited structure.

## DISCUSSION

## I. GOOD CAUSE TO EXCUSE JUROR

■ Lopez first contends he was prejudiced by the trial court's determination to excuse for cause Juror Campbell. We review such a determination under an abuse-of-discretion standard (*People* v. *Price* (1991) 1 Cal.4th 324, 400 [3 Cal.Rptr.2d 106, 821 P.2d 610]), as "[t]he qualifications of jurors challenged for cause are a matter within the broad discretion of the trial court." (*People* v. *McPeters* (1992) 2 Cal.4th 1148, 1176 [9 Cal.Rptr.2d 834].)

Juror Campbell first came to the court's attention when, despite having been admonished by the court not to consult outside sources or to look up reference material, he attempted to use the courthouse law library to do research on the topic of arson, as well as the concepts of malice and financial gain. He assured the judge that he would however follow the court's instructions "because I know later on, in the penalty phase, you're going to take all of these things under consideration, yourself." The court then ceased questioning Juror Campbell to take up the matter of a juror who had contacted a witness.

One of the jurors had contacted the defense expert witness, Mr. Sottile, who was to testify in support of the accidental or caused-by-another theories. This juror was also enquiring as to the elements of various forms of arson. It developed that the juror who had contacted Sottile was, once again, Juror Campbell.

After discussing arson, Campbell and Sottile had a conversation centering on their having both been in the Marine Corps. The district attorney then requested Campbell be excused because of his conversation with the key defense witness and his potential lack of impartiality.

Juror Campbell was then excused, and trial continued with the alternate juror sworn. When, as here, the determination of such a question is committed to the sound discretion of the trial judge, we may not disturb exercise thereof absent a showing the decision "exceeds the bounds of reason, all of the circumstances being considered." (*People* v. *Stewart* (1985) 171 Cal.App.3d 59, 65 [215 Cal.Rptr. 716].) Lopez may have demonstrated that "another court might have concluded otherwise. That fact, however, reveals nothing more than that a reasonable difference of opinion was possible." (*People* v. *Clair* (1992) 2 Cal.4th 629, 655 [7 Cal.Rptr.2d 564, 828 P.2d 705].)

Lopez relies upon *People* v. *Hamilton* (1963) 60 Cal.2d 105, 124-127 [32 Cal.Rptr. 4, 383 P.2d 412], and *People* v. *Daniels* (1991) 52 Cal.3d 815 [277 Cal.Rptr. 122, 802 P.2d 906]. But the point of *Daniels* is that a "juror's serious and wilful misconduct is good cause to believe the juror will not be able to perform his or her duty." (*Daniels, supra,* at p. 864.) Whether misconduct is "serious and wilful" is for the trial court to determine.[1]

While a reasonable judge might have permitted Campbell to remain empaneled, it was equally reasonable for the judge herein to conclude justice would be better served by his replacement. "[W]here equivocal or conflicting responses are elicited regarding a prospective juror's ability . . . , the trial court's determination as to his true state of mind is binding on an appellate court." (*People* v. *Ghent* (1987) 43 Cal.3d 739, 768 [239 Cal.Rptr. 82, 739 P.2d 1250]; see *People* v. *Bittaker* (1989) 48 Cal.3d 1046, 1089 [259 Cal.Rptr. 630, 774 P.2d 659], and *People* v. *Fields* (1983) 35 Cal.3d 329, 355-356 [197 Cal.Rptr. 803, 673 P.2d 680].) No abuse of discretion is shown.

## II. INSTRUCTION THAT ARSON IS A GENERAL INTENT CRIME

The jury herein was instructed pursuant to CALJIC No. 14.80 that arson of an inhabited structure involved setting fire to it "willfully and maliciously." ■ The jury was also told pursuant to CALJIC No. 3.30 that arson was a general intent crime. Lopez argues this was error, and relies upon *In re Stonewall F.* (1989) 208 Cal.App.3d 1054, 1062-1068 [256 Cal.Rptr. 578] in support of his assertion the instructions given inadequately defined the mental state requisite to commission of the offense of which he was convicted.

---

[1]Lopez argues the juror's expressed concern over a lack of motive demonstrates prejudice flowing from the assertedly erroneous dismissal. To the contrary, these comments by a juror who had twice failed to obey the court's instructions are better construed to support a finding of good cause for his removal, and a consequent absence of error in so doing.

All parties assume, as did another Court of Appeal in discussing the question, that the *Stonewall F.* court in fact held, contrary to all previous authority on the issue, that arson was a specific intent offense. The Attorney General argues *Stonewall F.* was incorrectly decided, and urges us to follow the contrary reasoning of *People* v. *Glover* (1991) 233 Cal.App.3d 1476 [285 Cal.Rptr. 362]. While we follow *Glover* in our analysis of the asserted error, we do not believe it is necessary to disagree with any *holding* of *Stonewall F.*

The facts of *Stonewall F.* involved two juveniles who set fire to a pile of leaves near a school wall. The school was damaged by fire. The juvenile court found the fire was set recklessly but not intentionally. The court nonetheless made a finding the minors had committed felony arson. The Court of Appeal properly reduced the finding to misdemeanor arson. (*In re Stonewall F., supra,* 208 Cal.App.3d at pp. 1062-1068.) The act was found reckless but not intentional, and thus any discussion of whether an intent *not* found to have existed was a "general" or a "specific" intent can *only* have been, and was, an archetypical example of dicta.[2]

In these circumstances we believe *People* v. *Glover, supra,* 233 Cal.App.3d 1476 correctly states the law concerning the intent required for commission of the offense described in Penal Code section 451, subdivision (b). Further, that case also found that, assuming it was error not to instruct on specific rather than general intent, the error was harmless. (*Glover, supra,* at p. 1480.)[3]

In *Glover,* the defendant hired another to commit an arson of her dwelling, and also stated her intention to have the structure burned. On those facts it was determined that any error in instructing on intent was necessarily harmless, as no other result was reasonably probable. (*People* v. *Glover, supra,* 233 Cal.App.3d 1476.) The same result must apply in this case.[4]

The jury here found Lopez set the fire intentionally. Evidence of that intent included his departure with his mother and his clothing from the

---

[2]The Attorney General, in a roundabout way, appears to agree with this by characterizing the relevant discussion in *Stonewall F.* as "completely unnecessary analysis." However one puts it, of course, the point is that only the statement of matters *necessary* to a decision can constitute a holding. It would seem logically necessary that, in a case where no intentional act, but instead a reckless act, has been found to exist, the distinctions between the subtypes of a nonexistent intent is not, and indeed cannot be, a "necessary" element of the decision in the matter.

[3]While the jury here was told arson was a general intent crime, they were also given a version of the arson instruction incorporating the *Stonewall F.* definition of "willfully and maliciously," further supporting the conclusion any possible instructional error here was harmless.

[4]The conclusion that harmless error analysis is proper in this matter is also supported by the reasoning of *People* v. *Lyons* (1991) 235 Cal.App.3d 1456 [1 Cal.Rptr.2d 763]. There, the author of *Stonewall F.* applied such analysis to a matter in which the court determined general

vicinity of the inhabited structure, which supports only the inference the fire Lopez set intentionally was intended to render that structure uninhabitable, that is, to burn it. On the evidence received here, as in *Glover*, no other result is reasonably probable.

As to the question of the character of the intent required to sustain a conviction of arson, we hold as follows: the law concerning the intent requisite for felony arson as set forth in *Glover* is correct, and the jury herein was properly instructed to that effect. Because the only contrary authority is dicta, we decline to depart from the general rule so holding. Finally, even assuming error, in this case it is clear that any possible error in instructing on intent was "patently harmless." (*People v. Lyons, supra,* 235 Cal.App.3d at p. 1463.)[5]

### III. FAILURE TO INSTRUCT ON LESSER INCLUDED OFFENSE

■ "As defendant observes, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence, that is, principles closely and openly connected with the facts before the court and which are necessary for the jury's understanding of the case. (*People v. Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913].) No sua sponte obligation exists, however, when there is no evidence that the offense was less than that charged. (*Ibid.;* see *People v. Noah* (1971) 5 Cal.3d 469, 479 [96 Cal.Rptr. 441, 487 P.2d 1009].)" (*People v. Ghent, supra,* 43 Cal.3d at p. 757.)

■ Lopez relies on *People v. Hooper* (1986) 181 Cal.App.3d 1174, 1180-1182 [226 Cal.Rptr. 810], for the proposition that unlawfully causing a fire is a lesser offense of arson. There is no dispute that this is so, as the use note to CALJIC No. 14.82 recognizes:

"This instruction should not be given if the prosecution is only for arson . . . . However, in a prosecution for arson where there is evidence worthy of jury consideration of both arson and the lesser included offense of unlawfully causing a fire, this instruction must be given sua sponte by the court. People v. Hooper (1986) 181 C.A.3d 1174, 1182 . . . ."

The central question thus is whether, in a particular case, "there is evidence worthy of jury consideration of both arson and . . . unlawfully

---

intent instructions had been given erroneously in a case involving a specific intent crime. (*Id.* at pp. 1461-1463.)

[5]Lopez's defense was that the fire was accidental or set by another (see pt. III, *post*). He denied having intentionally set any fire. This defense did not raise a reasonable doubt in the jury, which found Lopez intentionally set fire to the trailer. On these facts, there is no possibility of prejudice resulting from the instructions on intent.

causing a fire" so as to require the court to so instruct sua sponte. Lopez claims both his evidence of a possible accident and his evidence of his own intoxication supported giving such an instruction.

As all parties recognize, in *People* v. *Schwartz* (1992) 2 Cal.App.4th 1319, 1324-1325 [3 Cal.Rptr.2d 816], we reversed a conviction for arson because the trial court did not instruct on the lesser included offense of unlawfully causing a fire.[6] In *Schwartz*, the defendant had set fire to automobiles within a garage, and the garage had also burned. We held "the evidence would support a conclusion that Schwartz only intended to set fire to the cars" and reversed.[7] (*Id.* at p. 1325.) We must now compare the facts of *Schwartz* with the facts here presented.

The essential point is that instructions, whether sua sponte or otherwise, are instructions only on the *evidence received at trial*, rather than instructions on all possible theories which might have been, but were not, presented by the evidence submitted to the jury's consideration.

Here, there was never any contention by any party that there had been merely a *reckless* causing of a fire to an inhabited structure. The prosecution's case was that Lopez had *intentionally* set fire to the trailer. Lopez claimed primarily that someone else had intentionally set fire to his trailer, and as a subsidiary theme suggested that the fire which destroyed the trailer might not have been "set" at all, but instead might have been the result only of a wholly noncriminal accident.[8]

Counsel for Lopez made his position abundantly clear both in the early stages of the trial ("The issue of a misdemeanor or felony arson is not an issue in this case") and also in his opening argument following presentation of the prosecution case (fire was either accidental or arson committed by another).

---

[6]The People urge that, insofar as *Schwartz* may be read to suggest (by its citations to *In re Stonewall F.*) that arson is a specific intent crime, *Schwartz* "should be rejected as soon as possible." As the People also recognize, however, the question of specific versus general intent was not at issue in *Schwartz*.

A principle even more basic than distinguishing between holdings and dicta is that cases are not authority for those propositions not considered. Thus, the only matter properly at issue is whether *Schwartz* should be applied to the facts of this matter, or whether it should be distinguished.

[7]In another part of the opinion in *Schwartz*, however, we cited with approval an arson case (*People* v. *Tanner* (1979) 95 Cal.App.3d 948, 956 [157 Cal.Rptr. 465]) affirming a conviction of guilt in circumstances factually indistinguishable from this case.

[8]"Accidental. Happening by chance, or unexpectedly." (Black's Law Dict. (6th ed. 1990) p. 16.) An event "happening by chance, or unexpectedly" necessarily does not involve willfullness *or* recklessness, or indeed any mental state whatsoever.

Counsel reiterated this position during his closing argument (fire could have been accidental, but if it was "arson, how has the prosecution proved beyond a reasonable doubt that in fact the defendant did it?"). Thus, Lopez's position was made quite clear: either the fire was accidental in origin, or else a conceded felony arson had been perpetrated by someone other than Lopez.[9]

Assertions that this evidence also supported a finding of "recklessness" are untenable. Lopez denied setting any fire, and an accidental ignition, of course, would preclude any criminal liability. There was no evidentiary basis for finding mere "recklessness" by Lopez in starting the fire.

In these circumstances "the trial court did not err in [failing sua sponte to give] an instruction on [misdemeanor arson]. The evidence did not support the factual scenarios now advanced by defendant. . . . There is only bare speculation, not substantial evidence, to support the theory presently advanced by defendant—that the [arson resulted from a reckless rather than a deliberate act]. Speculation is an insufficient basis upon which to require the giving of an instruction on a lesser offense. [Citations.]" (*People* v. *Wilson* (1992) 3 Cal.4th 926, 940-941 [13 Cal.Rptr.2d 259, 838 P.2d 1212].)

The factual distinctions between the present matter and *Schwartz*, as well as *Stonewall F.*, preclude application hereto of the principles there discussed. In *Schwartz*, we distinguished between the burning of a vehicle *within* a garage and the burning of the garage. In *Stonewall F.*, the court distinguished between burning of some material *near* a structure and burning of the structure. This case involves simply burning of the Lopez trailer, directly and primarily.

There is no subsidiary object that was sought to have been accomplished in this case, and thus there was no subsidiary goal as to which instruction of the jury was required. On the rationale of *People* v. *Wilson*, *supra*, 3 Cal.4th at page 942, there was thus in this case no error in failure by the trial judge to instruct the jury sua sponte as to the lesser offense of unlawful burning.

---

[9]Appellate counsel for Lopez appears to agree with this assessment of his tactics: "Mr. Lopez presented two separate defenses to the charge in this case. He introduced evidence that someone started the fire by placing a burning stick in the trailer's storage compartment . . . . In addition, Mr. Lopez presented evidence that the fire may have been started accidently [*sic*]."

## DISPOSITION

The judgment (order granting probation) is affirmed.

Work, Acting P. J., and Todd, J., concurred.

A petition for a rehearing was denied March 30, 1993, and appellant's petition for review by the Supreme Court was denied June 24, 1993. Mosk, J., Kennard, J., and Arabian, J., were of the opinion that the petition should be granted.