* Pursuant to rules 976(b) and 976.1 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].
OPINION
Here we hold that arson of an inhabited structure or property (Pen. Code, § 451, subd. (b))[1] is a general intent crime.
Paul Hyun Lee appeals from a judgment, following court trial, of one count of arson of an inhabited structure or property (§451, subd. (b)) and *Page 661 
one count of arson of property of another (§ 451, subd. (d)). He asserts that the trial court erred in holding that arson of a structure under section 451 is a general intent crime. [[/]]*
We affirm the judgment.
 FACTS
Ventura County Sheriff's Officer John Steele was called to the scene of a fire in a residence. When he entered the house, he had difficulty seeing due to the smoke. When he called out, appellant responded and emerged from within the house. Officer Steele questioned appellant outside the house and appellant said that he had started fires in his bedroom and by the front door. He said several times that his reason for setting the fires was to kill himself. Appellant appeared confused and seemed to respond somewhat strangely. He gave contradictory answers about whether he intended to kill himself and whether he knew where he lived. The officer thought appellant had mental problems.
The criminal proceedings were suspended at one point when the court declared appellant incompetent under section 1368. When appellant was returned to court, proceedings were instituted to appoint the public guardian for him. The county fire department investigator testified at the preliminary hearing that he found at least three distinct intentional fires set; one inside the entry door, two in a bedroom, and a possible fourth on the seat of a chair. There was fire damage to the front door and to some drywall, to the curtains, and to the carpet in the bedroom.
Appellant's counsel moved the court in limine to instruct that the arson was a specific intent crime and to allow defense counsel to introduce psychiatric testimony regarding whether appellant had formed the specific intent. The court ruled that arson is a general intent crime and denied the motion. Appellant submitted his case on the preliminary hearing transcript and several exhibits. The court found him guilty as charged. [[/]]*
 DISCUSSION
1. Arson of a Structure Is a General Intent Crime
The defense theory was that appellant did not have the specific intent to burn a structure as prohibited by section 451, subdivision (b), and that *Page 662 
appellant was attempting to kill himself.[2] There is a split of authority of fairly recent vintage whether arson of a structure is a general or a specific intent crime. Historically, California cases have held arson of a structure to be a general intent crime. (See People v. Nance (1972) 25 Cal.App.3d 925,930 [102 Cal.Rptr. 266]; People v. Tanner (1979)95 Cal.App.3d 948, 955-956 [157 Cal.Rptr. 465].) In re StonewallF. (1989) 208 Cal.App.3d 1054 [256 Cal.Rptr. 578], however, departed from earlier discussions of the intent needed for culpability under section 451, subdivision (b).
In In re Stonewall F., supra, 208 Cal.App.3d 1054, the trial court found that two minors had recklessly set a fire within the meaning of section 450, subdivision (f), which resulted in substantial damage from burning of a school building. (208 Cal.App.3d at p. 1059.) The trial court then inexplicably concluded that the minors had committed the more serious offense of arson (§ 451) notwithstanding its earlier finding that the burning of the structure was a result of the minors' reckless conduct. (208 Cal.App.3d at p. 1059.) The appellate court reversed the judgment after a discussion of the history of arson under common law and in California and a comparison of the different standards of culpability under sections 451, arson, and 452, unlawfully causing a fire. The level of culpability for arson is that a person "willfully and maliciously sets fire to or burns or causes to be burned . . . any structure" whereas the level of culpability for unlawfully causing a fire is that a person "recklessly sets fire to or burns or causes to be burned, any structure. . . ." (208 Cal.App.3d at pp. 1059-1060; §§ 451,452.)
The reviewing court in In re Stonewall F., supra,208 Cal.App.3d 1054, noted that California cases which preceded the present separate treatment of sections 451 and 452 uniformly said that "malice" denotes a deliberate and intentional burning of a structure as contrasted with an accidental or unintentional ignition. (208 Cal.App.3d at p. 1063.) The appellate court concluded that whatever historical meaning had been given to the term "malice," the bifurcated treatments under sections 451 and 452, the same in all material respects except for penalties and standards of culpabilities, "explicitly distinguish reckless from wilful and malicious conduct." (208 Cal.App.3d at pp. 1064-1065.)
The Stonewall court concluded that "willfully and maliciously" as applied to the wrongful acts of arson means an intent to set fire to or burn or cause to be burned, a standard distinguishable from "recklessly," which means an *Page 663 
awareness and conscious disregard of a substantial and unjustifiable risk. (208 Cal.App.3d at p. 1066.) "The manifest inference to be drawn from the fact that the offense of unlawfully causing a fire employs the culpability standard of recklessness is that the offenses listed in section 451 require a culpability standard transcending recklessness." (Id., at p. 1067.) People v. Schwartz (1992) 2 Cal.App.4th 1319,1324-1325 [3 Cal.Rptr.2d 816], cited In re Stonewall F., supra,208 Cal.App.3d 1054, with approval for the proposition that a defendant may be charged with unlawfully causing a fire when he or she did not specifically intend to burn a structure.
In re Stonewall F.'s discussion of the requisite intent or standard of culpability for arson of a structure did not remain unchallenged. In People v. Glover (1991) 233 Cal.App.3d 1476,1479 [285 Cal.Rptr. 362], the reviewing court stated thatStonewall F. does not correctly state California law and that arson remains a general intent crime. The Glover court also reviewed the history of arson statutes in California, as well as other jurisdictions, and noted that the "general rule of law throughout the country has been that unless a jurisdiction's arson statute requires a particular intent, arson is a general intent crime." (Id., at pp. 1482-1483.)
Glover recited the California test set forth in People v.Hood (1969) 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618,462 P.2d 370], for ascertaining whether a crime requires a specific or general intent, discussed the definition of "willfully and maliciously" under statutes and case law, and concluded that "[s]ection 451, subdivision (b) which defines the particular punishment range to be imposed against a person who causes an inhabited structure or inhabited property to burn does not require any specific intent." (People v. Glover, supra,233 Cal.App.3d 1476, 1483.)[3] Glover weakened the precedential value of its opinion by holding alternatively that any error in failing to instruct on specific intent was harmless.
Glover was followed shortly by People v. Lopez (1993)13 Cal.App.4th 1840 [17 Cal.Rptr.2d 317], which avoided openly disagreeing with In re Stonewall F., supra, 208 Cal.App.3d 1054, by finding that Stonewall F.'s discussion of intent was dicta. Lopez did, however, embrace People v. Glover's analysis and held that People v. Glover, supra, 233 Cal.App.3d 1476, correctly states the law concerning the intent required for commission of the offense described in section 451, subdivision (b). (People v. Lopez, *Page 664 supra, 13 Cal.App.4th at p. 1845.) The Lopez court also distinguished its earlier opinion in People v. Schwartz,supra, 2 Cal.App.4th 1319, on the ground that the question of specific versus general intent was not at issue in Schwartz.
(13 Cal.App.4th 1840, 1847, fn. 6.)
The recent case of People v. Fry (1993) 19 Cal.App.4th 1334
[24 Cal.Rptr.2d 43], recognized the conflict of authority concerning whether the crime of arson requires a specific intent. (At p. 1338.) After discussing both In re Stonewall F., supra,208 Cal.App.3d 1054, and People v. Glover, supra,233 Cal.App.3d 1476, Fry took a middle ground and stated that "[c]learly the arson statute requires something more than a general intent or willingness to do the proscribed act." (People v. Fry, supra, 19 Cal.App.4th at p. 1338.) The reviewing court in Fry agreed with People v. Glover, supra,
that "the something more is not the specific intent to burn a particular piece of property. The Legislature defined the crime of arson, and we do not consider it appropriate to add an element they did not see fit to expressly require. Rather, to convict a defendant of arson, the trier of fact must find only that he or she acted willfully and maliciously in setting fire to, burning, or causing to be burned a structure, forest land, or property." (19 Cal.App.4th at p. 1339.)
(1) We agree with People v. Fry, supra, 19 Cal.App.4th 1334, and People v. Lopez, supra, 13 Cal.App.4th 1840, that the analysis in People v. Glover, supra, 233 Cal.App.3d 1476, is the better reasoned view and more in keeping with the line of authority in California case law prior to In re Stonewall F.,supra, 208 Cal.App.3d 1054. "Maliciously," as defined in section 450, subdivision (e), means "a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act. . . ." "Willfully," according to section 7, subdivision 1, "implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." Appellant did not have to specifically intend for the house to burn to be guilty of arson. (People v. Fry, supra,19 Cal.App.4th 1334, 1339.)
Unlike the facts in In re Stonewall F., supra, the burning of the structure here was not "causally distant from the proscribed act[s]. . . ." (208 Cal.App.3d 1054, 1066.) Appellant set three or four fires in different places inside the house and admitted that he had started the fires. Moreover, appellant's argument is unpersuasive that if he intended to kill himself by setting the fires, he is not necessarily guilty of arson, especially if he did not intend to burn the house. Appellant assumes that somehow he intended to kill himself without burning the house. There is no evidence to support that theory. Even assuming appellant set the fires for the purpose of killing himself, his intent under his own reasoning would have been to burn the *Page 665 
house as a means of achieving his goal. The trial court was correct in holding that arson of a structure is not a specific intent crime.
[[2., 3.]]*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
The judgment is affirmed.
Gilbert, J., and Yegan, J., concurred.
Appellant's petition for review by the Supreme Court was denied December 15, 1994. Kennard, J., was of the opinion that the petition should be granted.
[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] Section 451 provides in part: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned . . . any structure. . . . [¶] . . . [¶] (b) Arson that causes an inhabited structure or inhabited property to burn is a felony punishable by imprisonment in the state prison for three, five, or eight years."
[3] The test under People v. Hood, supra, 1 Cal.3d 444,456-457 is: "When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent."
* See footnote, ante, page 659. *Page 666