[No. B091974. Second Dist., Div. Seven. Apr. 17, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DONYELL A. BOLDEN et al., Defendants and Appellants.

**COUNSEL**

Jerald Lee Brainin and Gregory L. Cannon, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

John R. Gorey and Teresa G. Mann, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

WOODS (Fred), J.—Convicted by jury of arson of a structure (Pen. Code, § 451, subd. (c); statutory references, unless otherwise noted, are to the Penal Code) and exploding a destructive device (§ 12303.3), appellants Donyell A. Bolden and Kevin L. Wesson contend the trial court: (1) committed *Miranda* error (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]); (2) committed *Aranda* error (*People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265]) (3) admitted hearsay evidence; (4) failed to instruct on a lesser included offense; (5) wrongfully allowed the information to be amended; (6) misinstructed the jury on the elements of arson; and (7) miscalculated custody credits.

We find merit only in the last contention, modify the (Bolden) judgment accordingly, and affirm the judgments.

### FACTUAL BACKGROUND

There being no insufficiency of evidence claim, the facts may be stated simply. Our perspective favors the judgment. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].)

Latisha Barry lived with her godmother Travestin Griffin and other family members at 7011 Orange Avenue, Long Beach, an apartment building managed by Ms. Griffin. To the rear of the building was a two-car detached garage which abutted an alley.

Appellant Bolden was Latisha's boyfriend and had been to her residence. Ms. Griffin disapproved of him and told Latisha to tell appellant Bolden he was not welcome at their house. Sometime in mid-September 1994, Latisha did so.

Thereafter, appellant Bolden made three molotov cocktails—glass bottles filled with gasoline, two with rag wicks, one with a paper wick—and with appellant Wesson, Michael Lynks,[1] and driver Andre Tribble[2] went to the alley near Latisha's residence. They arrived shortly after midnight on October 1, 1994. Andre Tribble remained by his car while the others walked

---

[1] A convicted codefendant not a party to the appeal.
[2] He pleaded no contest to being an accessory after the fact. (§ 32.)

down the alley toward the two-car garage. Michael Lynks and appellant Bolden threw their lit molotov cocktails at the wood garage door. Both struck the ground at the base of the door, broke, exploded, and set fire to the door.

Before appellant Wesson threw his lit molotov cocktail he noticed *he* had caught on fire. He dropped the molotov cocktail and his companions removed his burning letterman's jacket. They took appellant Wesson to the Long Beach Memorial Hospital.

The Long Beach Fire Department responded to the scene and Fire Investigator Kean saw a blue and white Jordan high school letterman's jacket lying about 24 feet from the charred garage door. The jacket was partially burned. In a pocket was a partially burned wallet containing appellant Wesson's driver's license, social security card, and other identification. Investigator Kean first went to appellant Wesson's residence and then to Long Beach Memorial Hospital.

At the hospital Investigator Kean saw appellant Wesson being treated for burns, arrested him, advised him of his rights, and obtained his confession. He also arrested Michael Lynks in the waiting room.

Investigator Kean then went to appellant Bolden's Bellflower residence and arrested him.

### DISCUSSION

1. *Appellant Bolden contends the trial court committed Miranda error.*

Defense counsel objected to the admissibility of appellant Bolden's statements and, before ruling, the trial court conducted a hearing. (Evid. Code, § 402.)

At the hearing, Investigator Kean testified he advised appellant Bolden of his rights while transporting him to the Long Beach jail. When he asked appellant Bolden if he understood his rights he answered "Yes." When he asked appellant Bolden if he waived his rights he answered, "Yeah. Can I talk to you later?"

Investigator Kean further testified that while booking appellant Bolden, about 30 minutes after the advisement, he asked him about the garage fire.

Defense counsel called Long Beach Fire Captain Munson who also testified appellant Bolden, when asked if he waived his rights, answered "Yeah. Can I talk to you later?"

Appellant Bolden did not testify at the hearing.

Defense counsel argued appellant Bolden's response was ambiguous and did not constitute a waiver. The trial court disagreed, found no ambiguity, and admitted the statements. We find no error.

■ "It is the function of the trial judge to determine whether the defendant did in fact knowingly and voluntarily waive his right to remain silent and his right to have the assistance of counsel. This determination is to be made based on the totality of the circumstances surrounding the interrogation. . . . The assertion of privilege or its waiver constitutes a question of fact which can only be decided after taking into account the special circumstances of each case. . . . Where the evidence is in conflict, the trial court's findings in this regard will be accepted by the appellate court unless it is palpably erroneous or entirely unworthy of belief. . . ." (*People* v. *Bestelmeyer* (1985) 166 Cal.App.3d 520, 526 [212 Cal.Rptr. 605], citations omitted; *People* v. *Siripongs* (1988) 45 Cal.3d 548, 575 [247 Cal.Rptr. 729, 754 P.2d 1306]; *People* v. *Boyer* (1989) 48 Cal.3d 247, 263 [256 Cal.Rptr. 96, 768 P.2d 610]; *People* v. *Kelly* (1990) 51 Cal.3d 931, 950 [275 Cal.Rptr. 160, 800 P.2d 516].) " ' "[T]he trial court's ruling on a *Miranda* [ ] issue may not be set aside by us unless it is 'palpably erroneous.' " ' " (*People* v. *Siripongs*, *supra*, 45 Cal.3d 548, 575, italics omitted.)

■ According to the undisputed evidence, appellant Bolden unqualifiedly said "yeah" when asked if he waived his rights and also said "Can I talk to you later?" There was no evidence appellant Bolden was undecided *whether* to talk to investigator Kean, only *when* to do so. Nor was there any evidence that, 30 minutes after being advised, appellant Bolden had any reservations about discussing the garage fire. We conclude the trial court properly admitted appellant Bolden's statements.

2. *Appellant Bolden contends the trial court committed Aranda error.*

■ The trial court denied defense severance motions and edited the statements of each defendant. Appellant Bolden contends the editing of appellant Wesson's extrajudicial statements was inadequate because those statements, when linked with other evidence, implicated him. The contention does not bear scrutiny.

As edited, appellant Wesson's statements (testified to by investigator Kean) were the following: on the evening in question he left his house *with*

*some friends* and, in Andre's[3] car, drove to an alley off Orange Avenue, exited, went down the alley with the three explosive devices, realized he was on fire before he could throw his explosive device, fell to the ground, and *his friends* extinguished his fire and drove him to the hospital.

These statements did not directly or indirectly implicate appellant Bolden. That he was a friend of appellant Wesson—along with countless others—was "not a distinctive fact; the linkage was insignificant." (*People* v. *Vasquez Diaz* (1991) 229 Cal.App.3d 1310, 1316 [280 Cal.Rptr. 599].)

More importantly, appellant Bolden's presence at the garage fire was undisputed and not in issue. Both extrajudicially and by his trial testimony, he admitted being at the garage fire and possessing a molotov cocktail.[4] Nor was there any issue concerning the identity of the "friends."

In such circumstances, admitting appellant Wesson's extrajudicial statements did not violate *Aranda* (*People* v. *Aranda, supra,* 63 Cal.2d 518) or *Bruton* (*Bruton* v. *United States* (1968) 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]). (See *Richardson* v. *Marsh* (1987) 481 U.S. 200, 207 [95 L.Ed.2d 176, 185-186, 107 S.Ct. 1702]; *People* v. *Orozco* (1993) 20 Cal.App.4th 1554, 1563-1566 [25 Cal.Rptr.2d 659]; *People* v. *Mitcham* (1992) 1 Cal.4th 1027, 1046 [5 Cal.Rptr.2d 230, 824 P.2d 1277].)

3. *Appellant Bolden contends the trial court admitted hearsay evidence.*

Over defense objection, Latisha Barry testified she relayed her godmother's message to appellant Bolden: do not come around the house anymore.

Appellant Bolden contends this testimony was hearsay and inadmissible. He is mistaken.

██   Hearsay "is evidence of a[n] [extrajudicial] statement . . . offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) As the legislative committee comment to this section observes: "Under this definition, as under existing case law, a statement that is offered for some purpose other than to prove the fact stated therein is not hearsay." (See com., Sen. Com. on Judiciary, 29 pt. 4 West's Ann. Evid. Code (1995 ed.) § 1200, p. 3.)

---

[3] Andre is Andre Tribble.

[4] Appellant Bolden testified he had *found* the three devices, was curious about their use, and went to a safe place to test them—the alley abutting his girlfriend's garage.

The subject communication was not hearsay because it was not "offered to prove the truth of the matter stated."[5] It was offered to prove motive: appellant Bolden, upon hearing the communication, had reason to be angry with Ms. Griffin.

Such communication, offered for such a purpose, is not hearsay. (*People v. Arguello* (1967) 65 Cal.2d 768, 774 [56 Cal.Rptr. 274, 423 P.2d 202]; *People v. Marsh* (1962) 58 Cal.2d 732, 737 [26 Cal.Rptr. 300, 376 P.2d 300]; 1 Witkin, Cal. Evidence (3d ed. 1986) § 596, p. 569; 6 Wigmore, Evidence (Chadbourn ed. 1976) § 1789, p. 314.)

4. *Appellants contend the trial court prejudicially failed to instruct on a lesser included offense.*

■ Appellants contend the trial court's failure to instruct on *recklessly* causing a structure to be burned (§ 452, subd. (c)), a lesser included offense of section 451, subdivision (c),[6] was prejudicial error. We disagree.

"[I]n some circumstances it is possible to determine that although an instruction on a lesser included offense was erroneously omitted, the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury." (*People v. Sedeno* (1974) 10 Cal.3d 703, 721 [112 Cal.Rptr. 1, 518 P.2d 913].)

By convicting appellants of section 12303.3 the jury found they had exploded a destructive device with the specific intent to injure or destroy property. That finding "necessarily resolved adversely to [them]" the issue of recklessness. Accordingly, omission of the lesser included offense instruction was harmless error. (See *People v. Morse* (1992) 2 Cal.App.4th 620, 648-649 [3 Cal.Rptr.2d 343].)

5. *Appellant Wesson contends the trial court wrongfully allowed the information to be amended.*

■ Count I of the information initially charged appellants with a violation of section 451, subdivision (a) alleging they had "willfully . . . and

---

[5]In fact, no "matter" capable of being true or false was stated in the communication. The communication was a directive, *not* an expression of fact. However, this distinction is blurred by Evidence Code section 225 which defines "statement" as any "verbal expression."

[6]We assume, without deciding, this section is a lesser included offense of section 451, subdivision (c).

maliciously . . . cause[d] to be burned a[] structure and . . . thereby causing great bodily injury to Kevin Wesson." This offense was punishable by five-, seven- or nine-, year state prison terms.

On February 6, 1995, at 3 p.m., the trial court concluded its instructions and submitted the matter to the jury. At 10:35 a.m. the next morning, defense counsel for codefendant Lynks brought to the attention of the trial court and all counsel an appellate decision just reported in the Daily Journal holding that injury to a *perpetrator* did not satisfy the "great bodily injury" element of section 451, subdivision (a).

The prosecutor then moved to "amend" count I to charge a violation of section 451, subdivision (*c*). The only effects of the amendment were to eliminate the "great bodily injury" allegation and to reduce the possible state prison terms to one, two, or three years. Nevertheless, all defense counsel objected to the amendment. None sought a continuance or a reopening of the trial. The trial court granted the motion. We find no error.

Section 1009 authorizes the trial court to "permit an amendment of an . . . information . . . at any stage of the proceedings . . . ." Trial court discretion, in granting a motion to amend, "will not be disturbed on appeal in the absence of showing a clear abuse of discretion." (*People* v. *George* (1980) 109 Cal.App.3d 814, 818-819 [167 Cal.Rptr. 603].)

We find no abuse of discretion. Since section 451, subdivision (a) includes all the elements of section 451, subdivision (c), the latter is an included offense of the former. Therefore, from the outset, appellant Wesson was charged with the lesser included offense (§ 451, subd. (c)) and could— without the amendment—have been convicted of it. (§ 1159. See also *People* v. *Rush* (1993) 16 Cal.App.4th 20, 28 [20 Cal.Rptr.2d 15] [dissent].)

6. *Appellants contend the trial court misinstructed the jury on the elements of arson.*

Appellants were charged with a violation of section 451, subdivision (c)—arson of a structure. The section provides: "A person is guilty of arson when he . . . *willfully and maliciously* sets fire to or burns or causes to be burned . . . any structure . . . ." (Italics added.) The meaning of "maliciously" is defined in section 450, subdivision (e) as follows: " 'Maliciously' imports a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act . . . ." "Willfully," not specifically defined in the arson statutes, is defined by section 7, subdivision 1 as "simply a purpose or willingness to commit the act."

In its instructions (CALJIC Nos. 14.80, 1.20, 1.22) the trial court accurately informed the jury of the elements of arson and the statutory definitions of "willfully" and "maliciously."

Appellants do not claim otherwise.

■ What appellants do claim is that in addition to the statutory definitions of "willfully" and "maliciously" those words also mean "*an intent to burn the structure*" and the trial court erred in refusing to so instruct the jury.

The claim is based upon *In re Stonewall F.* (1989) 208 Cal.App.3d 1054 [256 Cal.Rptr. 578], a Third District opinion authored by Justice Blease.

Concerning *In re Stonewall F.*, the Use Note to CALJIC No. 14.80 (1993 rev.) (Jan. 1996 pocket supp.) states: "Contrary to a long line of arson cases, *In re Stonewall F.* . . . held that willful and malicious means an intent to set fire to, or burn, or cause to be burned, any structure. The Committee has included this definition but placed it in brackets. The trial judge must determine whether this definition should be given rather than the traditional definitions, and if so, whether arson now is a specific intent crime." (Italics added.)

*In re Stonewall F.* has failed to persuade any other court. Division Five of this district expressly disagreed with it (*People* v. *Glover* (1991) 233 Cal.App.3d 1476 [285 Cal.Rptr. 362]). Division One of the Fourth District initially followed *In re Stonewall F.* without considering the contrary view of *People* v. *Glover* (*People* v. *Schwartz* (1992) 2 Cal.App.4th 1319 [3 Cal.Rptr.2d 816]) but, after considering *People* v. *Glover*, changed its mind and agreed with *People* v. *Glover* (*People* v. *Lopez* (1993) 13 Cal.App.4th 1840 [17 Cal.Rptr.2d 317]). Similarly, the Sixth District (*People* v. *Fry* (1993) 19 Cal.App.4th 1334 [24 Cal.Rptr.2d 43]) and Division Six of this district (*People* v. *Lee* (1994) 28 Cal.App.4th 659 [33 Cal.Rptr.2d 782] agree with *People* v. *Glover* and disagree with *In re Stonewall F.* Despite this rejection, the Third District has persevered in its view. (*People* v. *Fabris* (1995) 31 Cal.App.4th 685 [37 Cal.Rptr.2d 667].)

Although we believe the analysis of *In re Stonewall F.* and *People* v. *Fabris* is mistaken, we forbear from detailing our own views. As we have indicated, by convicting appellants of section 12303.3 the jury found they had the specific intent to burn the subject structure. Therefore "the factual question posed by the omitted instruction" (*People* v. *Sedeno, supra,* 10 Cal.3d 703, 721), as claimed by appellants, "was resolved adversely to the defendant[s] . . . ." (*Ibid.*)

7. *Appellant Bolden contends the trial court miscalculated his custody credits.*

Appellant Bolden contends, and the Attorney General agrees, the trial court miscalculated his custody credits. The four-day error, in light of the three-year state prison term, is not de minimis. We shall order the judgment corrected.

## DISPOSITION

The Donyell A. Bolden judgment is ordered corrected, as follows: total days' credit for time spent in custody—*228* (instead of 224); actual local time—152 (instead of 150); local conduct credits—76 (instead of 74). As corrected, the judgment is affirmed.

The judgment of appellant Wesson is affirmed.

Lillie, P. J., and Johnson, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 31, 1996.